**Dale L. ROBEY, Plaintiff,**

v.

**NORTHWESTERN SECURITY INSURANCE COMPANY, a Corp., Defendant.**

**Adele Louise O'Connell, Administratrix of the Estate of Robert Emmett O'Connell, Jr., Deceased; and Judith A. Wilson, Administratrix of the Estate of Clarence E. Wilson, Deceased, Cross-Defendants.**

**Civ. A. No. 598.**

United States District Court
W. D. Arkansas,
Fayetteville Division.

May 19, 1967.

E. J. Ball, Fayetteville, Ark., for plaintiff.

Hardin, Barton, Hardin & Jesson, Fort Smith, Ark., for Northwestern Sec. Ins. Co.

Thomas Pearson, James R. Hale, Fayetteville, Ark., for Mrs. O'Connell.

Greenhaw & Greenhaw, Fayetteville, Ark., for Mrs. Wilson.

## OPINION

JOHN E. MILLER, District Judge.

On November 16, 1966, the plaintiff, Dale L. Robey, commenced an action in the Washington Circuit Court against the defendant, Northwestern Security Insurance Company, a corporation, in which he sought to recover the sum of $10,000, a penalty of 12 percent, and a reasonable attorney's fee. The plaintiff alleged that on September 9, 1965, the defendant issued its automobile policy No. AD2507 to Robert E. O'Connell, Jr., for the period of one year; that, among other things, the said policy under part 1C provided what is designated "protection against uninsured motorists," in which the defendant agreed to pay all sums which the insured would be legally entitled to recover as damages from the owner or operator of an uninsured automobile with a limit of liability of $10,000

for any one insured and not more than $20,000 for any number of insureds; and that plaintiff was an insured under the provisions of the policy.

That on October 29, 1965, at approximately 9:45 p. m, on Highway 62, approximately two miles west of Farmington, Washington County, Arkansas, the named insured, Robert E. O'Connell, Jr., was driving and operating his 1956 Chevrolet Bel Air station wagon (the insured vehicle), and riding as passengers therein were the plaintiff and Clarence E. Wilson; and at said time and place the insured vehicle collided with a certain 1961 Chevrolet 2-ton truck being driven and operated in a willful, wanton, reckless manner, by one Marvin Lee Dobbs, and solely as a result of said negligence, the said Robert E. O'Connell, Jr., and the passenger Clarence E. Wilson were killed, and the plaintiff suffered severe personal injuries.

Then follow allegations outlining the various personal injuries that were received by the plaintiff. In paragraph 9 of the complaint the plaintiff alleged:

"By reason of the personal injuries, temporary total disability and further permanent disability, lost salary, past and future, medical, hospital and dental expenses, past and future, pain and mental anguish, past and future, the plaintiff has been damaged in the amount of $200,000."

The case was timely and properly removed by defendant on December 2, 1966. On December 8 the defendant filed a motion for leave to file cross claims and bring in additional parties, which motion was granted on the same day. On that date the defendant filed its answer, in which it admitted the allegations of the complaint except paragraph 11 which alleged that the plaintiff was entitled to recover on the policy of insurance the sum of $10,000, together with the penalty of 12 percent, and a reasonable attorney's fee. In paragraph IV of the answer, the defendant alleged:

"The defendant further states that under the terms of Coverage 'B' of

its policy here in question, that it was obligated to pay up to $1,000.00 for each person in each accident for medical services and that the defendant has paid to the plaintiff, Dale L. Robey, to Adele Louise O'Connell, Administratrix of the Estate of Robert Emmett O'Connell, Jr., Deceased, and to Judith A. Wilson, Administratrix of the Estate of Clarence E. Wilson, Deceased, the sum of $1,000.00 each, under said medical pay coverage. The defendant further states that under Coverage 'C'—'Limits of Liability,' sub-paragraph (d), that the defendant was not obligated to pay under Coverage 'C'—'Protection Against Uninsured Motorist' that part of the damages which such insureds may be entitled to recover under such medical pay provisions and since $1,000.00 each had been paid, the defendant's total liability under said policy now is only $17,000.00. Defendant further states that it has from time to time attempted to pay the said $17,000.00 to the three claimants aforesaid, but that they have refused to accept same, and by reason thereof defendant is not liable to the plaintiff or the other claimants for any sum in excess of the balance of said coverage remaining as provided under said policy; and further that defendant is not liable to the plaintiff for any statutory penalty or attorney's fees."

By its counterclaim against the plaintiff, Dale L. Robey, and its cross-claim against the cross-defendants, Adele Louise O'Connell, Administratrix of the Estate of Robert Emmett O'Connell, Jr., deceased, and Judith A. Wilson, Administratrix of the Estate of Clarence E. Wilson, deceased, the defendant reiterated the substance of the allegations contained in its answer, and prayed as follows:

" * * * that the plaintiff's complaint be dismissed and that he take nothing thereby except as shall be determined under and by virtue of the Court's order and judgment upon defendant's counterclaim and cross-claim; that the Court proceed to determine the extent of the defendant's total liability to the plaintiff and the cross-defendants; and that the Court determine that the defendant's total liability to the plaintiff and the cross-defendants not exceed the sum of $17,000.00; and that the Court further determine that defendant is not liable to either plaintiff or the cross-defendants for any statutory penalties or attorneys' fees and further that upon the payment of the total sum aforesaid, that the defendant have no liability to either the plaintiff or the cross-defendants by virtue of the terms of said policy, together with such other relief as proper."

In due time the cross-defendants, Adele Louise O'Connell, Administratrix of the Estate of Robert Emmett O'Connell, Jr., deceased; and Judith A. Wilson, Administratrix of the Estate of Clarence E. Wilson, deceased, filed an answer to the cross-claim of defendant, in which they prayed:

" * * * that this Court declare her rights under said policy of insurance in question; and that it be found and declared that this cross-defendant and the other two cross-defendants, in addition to the medical payments made, are entitled to the additional sum in the aggregate of $20,000.00 under said policy of insurance; and that the provision in said policy allowing a credit of medical payments as against the amount due under Coverage C be declared invalid and contrary to law and public policy; and that a twelve (12%) per cent penalty and attorneys' fees be awarded each of the cross-defendants; and that upon proper adjudication of the amount of damages sustained and suffered by each of said cross-defendants, that said amount of $20,000.00 be prorated among said cross-defendants according to their respective monetary interests."

The plaintiff filed an answer to the counterclaim, in which he alleged that the liability of the defendant to himself

and the cross-defendants is the sum of $20,000, and further alleged:

"6. Further answering and for an affirmative defense to the Counterclaim of defendant the plaintiff alleges that the medical payments Coverage B and the uninsured motorist Coverage C are separate and distinct for which separate and distinct premiums were paid and that plaintiff is entitled to full coverage under Coverages B and C without crediting Coverage C with that paid under Coverage B.

"7. Further answering and for an affirmative defense the plaintiff alleges that the provision in Coverage C providing for crediting payments made under Coverage B is contrary to Ark.Stats. (1947) Sec. 66–4003 and that Paragraph 15 of the policy Conditions providing for subrogation for payments under medical Coverage B is inapplicable by its terms, contrary to law and public policy and invalid to the extent that it can be construed to reduce defendant's liability under Coverage C."

On February 28, 1967, the defendant, Northwestern Security Insurance Company, filed a motion for judgment on the pleadings, in which it alleged:

"The defendant Northwestern Security Insurance Company is entitled to judgment as a matter of law upon its counterclaim and cross-claim filed herein against the plaintiff and the cross-defendants. That the court should, therefore, proceed to enter judgment on the pleadings in favor of this defendant and should provide that upon the plaintiff depositing in the registry of the court the sum of $17,000.00, its total liability to plaintiff and cross-defendants, that it be relieved from any further liability in this cause, and that the court should thereafter proceed to distribute to said parties said sum in such amounts as the court should determine."

The plaintiff and cross-defendants are citizens of the State of Arkansas and residents of Washington County. The defendant, Northwestern Security Insurance Company, is a corporation organized and existing under the laws of the State of Washington and maintains its principal place of business in the City of Seattle. The amount in controversy exceeds the sum of $10,000, exclusive of interest and costs.

■ On May 9, 1967, a hearing on the defendant's motion for judgment upon the pleadings was held, at which the attorneys for all parties were present. On May 12, 1967, the court entered an order, which, inter alia, stated:

"III.

"On the 9th day of September, 1965, the defendant issued its 'Pacesetter' Automobile Policy No. AD2507 to Robert E. O'Connell, Jr. (one and the same person as Robert Emmett O'Connel, Jr., deceased) for the policy period of September 15, 1965 to March 15, 1966. Said policy provided coverages for what is commonly referred to as liability (coverage A), medical services (coverage B), and 'Protection Against Uninsured Motorists' (coverage C). Under Coverage B, the defendant's policy provided that it would pay all reasonable expenses incurred within one year from the date of the accident for necessary medical, surgical, x-ray and dental services, ambulance, hospital, professional nursing and funeral services up to the sum of $1,000.00 for each person injured while occupying the automobile insured under said policy. Coverage C under said policy is commonly known as Uninsured Motorists coverage, and under the terms thereof, the defendant agreed:

" 'To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * * *'

## "IV.

"Under the terms of said policy, the defendant's liability under the Coverage C, was limited to $10,000.00 for each person or $20,000.00 for all persons as the result of any one accident. Under Coverage C—'Limits of Liability', said policy further provided as follows:

" '(d) The company shall not be obligated to pay under Coverage C that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under coverage B.'

"The court further finds that under the 'Conditions' of said policy, Paragraph 10, the following provision appears:

" 'Part IB—In the event of any payment under the automobile medical expense coverage of this policy, the company shall be subrogated to all of the rights of recovery therefor which the injured person or any one receiving such payment may have against any person or organization, and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such right. Such person shall do nothing after loss to prejudice such rights.'

## "V.

"On October 29, 1965, at approximately 9:45 p. m., while the policy aforesaid was in full force and effect, on Highway No. 62, approximately 2 miles west of Farmington, Washington County, Arkansas, the said Robert Emmett O'Connell, Jr. was driving and operating the insured 1956 Chevrolet Station Wagon, and riding as passengers therein were Clarence E. Wilson and Dale L. Robey. At said time and place, the insured vehicle collided with a certain 1961 Chevrolet, two-ton truck, being then driven and operated by one Marvin Lee Dobbs. As the result of said accident, Robert Emmett O'Connell, Jr. and Clarence E. Wilson both died as the result of injuries sustained, and the plaintiff, Dale L. Robey, sustained serious bodily injuries as a result thereof. Thereafter, the defendant, under coverage B of said policy, paid to the plaintiff, Dale L. Robey, and the cross-defendants, the sum of $1,000.00 each, the full limits of the medical services coverage.

## "VI.

"The said Marvin Lee Dobbs was, at the time of the accident here in question, an uninsured motorist under the terms and provisions of Coverage C of defendant's policy, and the defendant has repeatedly offered to pay to the plaintiff and the cross-defendants the limits of its policy under coverage C, namely, $20,000.00, less the sum of $3,000.00, which had been paid to plaintiff and cross-defendants under Coverage B of said policy. The net amount of the tender was $17,-000.00. The plaintiff and cross-defendants have refused the tender of said $17,000.00, contending that to permit defendant to take credit for the medical payments made under Coverage B against the amount due under Coverage C would be and is contrary to law and contrary to public policy, and contrary to 1947 Ark.Stats.Ann. Sec. 66–4003. The court specifically finds that the provisions of the defendant's said policy are not contrary to law, and are not contrary to public policy, and are not contrary to said Statute. The court therefore finds that the defendant is only indebted to plaintiff and cross-defendants for the total sum of $17,000.00 after having been credited with the amount of $3,000.00 which has been paid to said parties under Coverage B of the policy. The court further finds that there is no material issue of fact presented by the pleadings for trial upon the question of the defendant's liability to plaintiff and cross-defendants, and that defendant is accordingly entitled to a judgment upon the pleadings.

"VII.

"The court further finds that the defendant should pay into the registry of the court the said sum of $17,000.00, and upon the depositing of the same, the defendant should be discharged from any and all liability to plaintiff and cross-defendants by virtue of the terms of said policy aforesaid.

"IT IS, THEREFORE, BY THE COURT CONSIDERED, ORDERED AND DECREED, that the liability of the defendant, Northwestern Security Insurance Company to the plaintiff Dale L. Robey and the cross-defendants Adele Louise O'Connell, Adminstratrix of the Estate of Robert Emmett O'Connell, Jr., Deceased, and Judith A. Wilson, Administratrix of the Estate of Clarence E. Wilson, Deceased, be and the same is fixed in the sum and amount of $17,000.00.

"And, it appearing to the court that since the date of said hearing defendant has paid into the registry of this court the said sum of $17,000.00.

"IT IS FURTHER BY THE COURT CONSIDERED, ORDERED AND DECREED that the defendant, Northwestern Security Insurance Company, be and it is hereby discharged from any and all liability to any party hereto by virtue of the issuance, terms and provisions of its said policy AD 2507 issued to Robert Emmett O'Connell, Jr.

"The court retains jurisdiction of this cause to determine the rights of the plaintiff and the cross-defendants in and to the proceeds of such policy."

At the hearing on May 9, 1967, it was admitted that the sole proximate cause of the collision between the automobile driven by Mr. O'Connell and the truck driven by Dobbs was the negligence of the said Dobbs, driver of the uninsured truck. Prior to the hearing, the defendant in response to requests for admissions filed by the plaintiff and the cross-defendants admitted that the policy of insurance issued to Robert Emmett O'Connell was sold and issued in the State of Arkansas upon a form of policy approved by the Arkansas Commissioner of Insurance, and that the O'Connell automobile described in the policy was registered in the State of Arkansas by the named insured, O'Connell.

Ark.St.Ann., § 75–1427 (1965 Supp.), provides:

"No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than limits described in section 27 of Act 347 of 1953 [§ 75–1427], as amended, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."

Ark.Stat.Ann., § 75–1427 (1965 Supp.), provides:

" * * * if the accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than $10,000 because of bodily injury to or death of one (1) person in any one (1) accident and subject to said limit for one (1) person, to a limit of not less than $20,000 because of bodily injury to or death of two (2) or more persons in any one (1) accident, and if the accident has resulted in injury to, or destruction of property, to a limit of not less than $5,000 because of injury to or destruction of property of others in any one (1) accident."

Under the uninsured motorist provision in the policy the limit is as stated in the statute.

On May 17, 1967, the court held a hearing to determine the portion of the $17,000, which had been deposited in the registry of the court, that should be awarded to the plaintiff and to each of the cross-defendants.

The cross defendant Adele Louise O'Connell is the duly appointed and acting administratrix of the Estate of Robert Emmett O'Connell, deceased. The cross-defendant Judith A. Wilson is the duly appointed and acting administratrix of the Estate of Clarence E. Wilson, deceased. Ark.Stat.Ann., § 27–907, (1962 Repl.), provides:

> "Every such action shall be brought by and in the name of the personal representatives of such deceased person, and if no personal representative, then same shall be brought by the heirs at law of such deceased person."

Under other statutes, the plaintiff Robey is authorized to commence and maintain a suit for the personal injuries suffered by him.

■ As heretofore stated, the plaintiff and each of the cross-defendants have been paid $1,000 by the defendant, leaving $17,000 in the registry of the court to be distributed and paid to such persons.

The plaintiff, Dale L. Robey, was 37 years old on October 29, 1965, the date he received the injuries. He was an Assistant Professor at the University of Arkansas and was also tennis coach and counselor of students. His salary as professor and counselor was $10,500 per year, and his salary as tennis coach was $100 per month. He was married and was living with his wife, Elizabeth Robey, and their one child. He was in the hospital from October 29, 1965, to January 29, 1966. He had incurred at the date of the hearing total medical and hospital expenses amounting to $2,874.98. It does not seem necessary to set forth or comment on all of the evidence which was introduced relative to his injuries for the reason that his recovery in this proceeding cannot exceed the maximum for one person as provided by the statute and the policy. Suffice it to say that the injuries received by Dr. Robey and the damage suffered were of such severity and disabling that in a proper case he would doubtlessly be entitled to recover a sum greatly in excess of $10,000.

Clarence E. Wilson at the time of the collision and his death was 35 years of age; was married, and the father of two children, ages 8 and 11. He was employed as Division Auditor for the Southwestern Electric Power Company and was drawing a salary of $550 per month, which would have been raised to $600 per month on January 1, 1966. In addition to his salary, he received approximately $300 per year as referee of football and basketball games. He was in good health and very attentive to his family and their needs. At least 90 percent of his earnings was devoted to promoting the welfare of his wife and children. His total funeral expenses were $1,868.18. The loss sustained by his widow and children greatly exceeds the sum of $10,000.

Robert E. O'Connell, Jr., was 45 years old at the time of the collision and his death. He was married and the father of seven children, ages 19 to 2. One of his children, a boy 10 years of age, was and is suffering from epilepsy. His wife was 43 years old. Mr. O'Connell was employed by Standard Register Company of Fayetteville as Office Superintendent. His salary was approximately $870 per month, and 90 percent or more of his earnings were used for the support and maintenance of his wife and children. His funeral expenses were $2,546.38. The loss sustained by his widow and children is greatly in excess of $10,000.

In view of the facts and applicable law, it is not necessary for the court to find and evaluate the loss sustained by the widow and children of each of the deceaseds and the injuries received and the suffering endured by the plaintiff, Robey. Since the damages greatly exceed the policy limits, the court feels that it might be an injustice to the plaintiff and the cross-defendants to under-

take to determine the extent of the damages suffered.

The court is advised by the Clerk and the Marshal that the costs in this case have been paid, and the court fixes the amounts to be paid to the plaintiff and the cross-defendants by the Clerk of the Court out of the funds in the registry as follows:

1. Adele Louise O'Connell, Administratrix of the Estate of Robert Emmett O'Connell, Jr., deceased, the sum of $9,000.00;

2. Judith A. Wilson, Administratrix of the Estate of Clarence E. Wilson, deceased, the sum of $5,000.00; and

3. Dale L. Robey, the sum of $3,-000.00.

Judgment is being entered today in accordance with the above.