Hillsborough,
No. 5796.

PAUL L. HACKMAN

*v.*

AMERICAN MUTUAL LIABILITY INSURANCE CO. *& a.*

January 30, 1970

*James M. Winston* ( by brief and orally ), for Paul L. Hackman.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *William S. Orcutt* ( *Mr. Orcutt* orally ), .for American Mutual Liability Insurance Co.

*Devine, Millimet, McDonough, Stahl & Branch* and *E. Donald*

*Dufresne* ( *Mr. Dufresne* orally ), for State Farm Mutual Auto-mobile Insurance Co.

GRIFFITH, J.   The Trial Court ( *Leahy*, C. J. ) transferred without ruling six questions involving interpretation of an uninsured motorist's endorsement upon an agreed statement of facts.

Plaintiff Paul L. Hackman was injured on October 4, 1966 in an accident with an uninsured motorist. Hackman was an employee of O. K. Tool Co. acting within the scope of his employment at the time of the accident. American Mutual Liability Insurance Co. had issued to O. K. Tool Co. both a workmen's compensation policy and an automobile liability policy with an uninsured motorist endorsement. The coverage afforded by the uninsured motorist endorsement was in the then statutory minimums of $10,000 for one person's injuries. Hackman was personally insured with State Farm Automobile Insurance Co. with the same limits on an uninsured motorist's endorsement.

American has paid, in accordance with its workmen's compensation coverage medical and hospital bills of Hackman in the amount of $2,191.64 and weekly benefits to Hackman of $934.60 for a total of $3,126.24. Under the arbitration provisions of the uninsured motorist endorsement an arbitrator awarded Hackman $9,092.95 and found American primarily liable and State Farm secondarily liable. American does not contest the ruling that it is primarily liable.

Hackman filed a petition in the Superior Court for judgment pursuant to the arbitrator's report. The dispute first centers around the claim of American that under the terms of its policy it may deduct from the award the $3,126.24 it has paid in workmen's compensation benefits and withhold estimated future medical of Hackman in the amount of $1,425 together with estimated future weekly benefits of $650 all included in the arbitrator's award. Other questions transferred relate to claims of Hackman against State Farm and to interest on the award.

Questions 1 and 2 relate to the same clauses in the uninsured motorist endorsement and are as follows:

"1.   Is the American Mutual Liability Insurance Co. entitled to deduct from the arbitrator's award the amount it has paid Hackman in Workmen's Compensation benefits to date, plus the present value of Workmen's Compensation benefits that Hackman

may be entitled to in the future, as determined by the arbitrator in his award?

"2. In the event that American Mutual Liability Insurance Co. is entitled to a deduction against the amount of the arbitrator's award for future Workmen's Compensation benefits that may be paid as found by the arbitrator, is the American Mutual Liability Insurance Co. entitled to deduct said amount before actual payment is made to or for the benefit of the employee?"

American's uninsured motorist coverage is limited by the following clause:

"6. Limits of liability

"( b ) any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is insured under this coverage shall be reduced by . . . .

"( 2 ) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law."

While agreeing that the language above permits a liability carrier to deduct payments made by a workmen's compensation carrier plaintiff argues that the provision is invalid as repugnant to the provision of the statute requiring uninsured motorist coverage and beyond the authority of the Insurance Commissioner to approve. See *Merchants &c. Co.* v. *Egan*, 91 N. H. 368, 20 A. 2d 480.

RSA 268:15 in effect on the date of the accident provided that uninsured motorist coverage in an automobile liability policy must be provided "in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter." The limits then in effect were $10,000 for bodily injury of one person as a result of one accident. RSA 268:19.

The insurance thus provided "more closely resembles accident insurance restricted to a limited class of accident, than it does the type of insurance commonly regarded as indemnity insurance." *Kirouac* v. *Healey*, 104 N. H. 157, 160, 181 A. 2d 634. "The design and purpose . . . was to provide protection only up to the minimum statutory limits for bodily injuries caused by financially irresponsible motorists. The statute was not designed to provide the insured with greater insurance protection than

would have been available had the insured been injured by an operator with a policy containing minimum statutory limits." *Maryland Cas. Co.* v. *Howe*, 106 N. H. 422, 424, 213 A. 2d 420.

In the present case had the plaintiff been able to recover a judgment from the third party tort-feasor it would be reduced by American's lien for the amount it had paid in workmen's compensation benefits. RSA 281:14. Had the insurance carrier of the workmen's compensation been the same as the liability carrier of the third party tort-feasor it could of course deduct its lien from the judgment. In lieu of the lien to the workmen's compensation carrier the clause in the endorsement allows the liability carrier to deduct the amounts paid or payable by the compensation carrier. This clause was properly approved by the insurance commissioner as providing the plaintiff with the coverage contemplated by RSA 268:15. *Maryland Cas. Co.* v. *Howe, id.*

Essentially any dispute over the right of a liability carrier to thus limit its liability lies between the compensation carrier and the liability carrier and does not involve the plaintiff. See Perspectives on Uninsured Motorist Coverage, Widiss, 62 Northwestern U. L. R. 497, 521; Couch on Insurance 2d *ed. s.* 45-650; *Jones* v. *Morrison*, 284 F. Supp. 1016 ( W. D. Ark. ). The fact that American carries both coverages here and thus is in the same position financially as it would be if it insured the tort-feasor does not reduce Hackman's recovery below the amount he would have recovered if injured by an insured operator. The limitation in the endorsement reducing the award by the amount Hackman has received in compensation benefits is valid against him. *Allen* v. *United States Fidelity & Guaranty Co.*, (La. Ct. App. ) 188 So. 2d 741; *Ullman* v. *Wolverine Insurance Company*, ( Ill. App. ) 244 N. E. 2d 827. In the *Ullman* case it is pointed out that *Peterson* v. *State Farm Mutual Automobile Ins. Co.*, 238 Ore. 106, 393 P. 2d 651 and *Standard Accident Insurance Company*, v. *Gavin*, ( Fla. D. Ct. App. ) 184 So. 2d 229 relied upon by the plaintiff here involve jurisdictions where the compensation carrier is not entitled to recover all of the compensation benefits paid by it.

Hackman argues that the exclusion clause in the uninsured motorist endorsement providing that it shall not apply so as to inure directly or indirectly to the benefit of any workmen's com-

pensation carrier prevents deduction of the compensation benefits paid by American. This clause merely indicates that the protection of the uninsured motorist coverage is provided for the benefit of the insured only, and not for the benefit of third party compensation carriers as well. Piehler, Uninsured Motorist Claims, 11 Am. Jur. Trials, *p.* 113. It does not operate to reduce Hackman's recovery below the limits which RSA 268:15 requires American to furnish. It follows therefore, that the answer to the first part of the question is yes and American may deduct from the award the $3,126.24 compensation payments made by it as compensation carrier.

An entirely different question is presented by the claim of American that it may deduct an additional $2,075 from the award on the grounds that the arbitrator included this in his award as estimated future medical and lost wages Hackman would suffer because of the accident. The limitation in the endorsement authorizes the liability carrier to deduct from the award "[T]he present value of all amounts payable on account of such bodily injury under any workmen's compensation law."

The language of the limitation is similar to that of RSA 281:14 which gives a compensation carrier a lien on damages recovered against a third party tort-feasor to the extent of benefits paid "or agreed or awarded to be paid." This statute has been construed to deny recovery of benefits paid by a compensation carrier when the statute did not specifically require them to be paid. *Gagne* v. *Greenhouses*, 99 N. H. 292, 109 A. 2d 840; *Dowd* v. *Moore*, 99 N. H. 313, 109 A. 2d 838. It appears therefore that the right of American as liability insurer to deduct compensation benefits from its award is limited by the language "present value of all amounts payable." The basis on which the arbitrator made the award does not bind American as compensation carrier to pay the estimated amounts. The amount American as compensation carrier may be required to pay in future compensation payments may be more or less than the estimate or none at all. While it may well be argued that the "present value" of such an amount is unascertainable there is a more fundamental objection to permitting American as liability carrier to deduct this amount. Under RSA 281:14 a compensation carrier who collected all benefits paid "or agreed . . . to be paid" from damages recovered against a third party tort-feasor and then was required

to pay further benefits would have to pay them without reimbursement since it had recovered all that the statute allowed. American as compensation carrier will recover none of the benefits paid and its potential obligation to pay future benefits is undetermined. To permit American as liability carrier to deduct compensation benefits "not payable" would be contrary to the express terms of the limitation and not put Hackman in the same position he would be if there were an insured motorist with minimum coverage. *Maryland Cas. Co.* v. *Howe,* 106 N. H. 422, 213 A. 2d 420. The answer to the last part of the first question and the second question is no.

The Trial Court also transferred the following questions:

"3. If the answer to the first issue is in the affirmative, is Hackman entitled to recover from the State Farm Mutual Automobile Insurance Co., under its uninsured motorist endorsement, the amount of deduction taken by the American Mutual Liability Insurance Co.?

"4. Is Hackman entitled to payment from either American Mutual Liability Insurance Co. or State Farm Mutual Automobile Insurance Co., under the Medical Payments coverage of said policies?

"5. Is State Farm Mutual Automobile Insurance Co. obligated to make any payment under the uninsured motorists endorsement issued by said company?

"6. Is Hackman entitled to interest on the amount of the arbitrator's award and if so, on what date does such interest start to accrue and what company is obligated to pay it?"

The answer to question 3 is in the negative. American agrees that it is primarily liable under the uninsured motorist endorsement. As we have previously noted the uninsured motorist endorsement was designed to afford the insured as much but not more protection than he would have if "injured by an operator with a policy containing minimum statutory limits." *Maryland Cas. Co.* v. *Howe, supra,* 424. Hackman has received this and his award has not been reduced by the fact that the endorsement prevents the compensation carrier from recovering his benefits from the award and permits the liability carrier to reduce the award by the compensation benefits.

Questions 4 and 5 are answered in the negative. Plaintiff agrees that American's policy on medical payment coverage excludes

payment if the plaintiff received workmen's compensation coverage of the same bills but argues that a similar exclusion in State Farm's policy does not apply to the plaintiff. We find the exclusion clear and unambiguous. The policy contains medical coverage covering first the insured and relatives and secondly any other person injured while occupying or when struck by insured's automobile when being used by insured. It excludes coverage "to any person" who receives medical payments from workmen's compensation. The phrase "to any person" refers to all persons covered by the medical payment coverage including Hackman the insured. Such exclusions have been held valid where the recovery as here is held as complete as the statute contemplates; *Morgan* v. *State Farm Mut. Auto. Ins. Co.*, 195 So. 2d 648 ( La. Ct. App. ); *Robey* v. *Northwestern Security Ins. Co.*, 270 F. Supp. 466 ( U. S. Dist. Ct. W. D. Ark. 1967 ) and held invalid where it was held the deduction allowed the insurer to reduce coverage below that required by statute. *Tuggle* v. *Government Employees Ins. Co.*, 207 So. 2d 674; *Stephens* v. *Allied Mut. Ins. Co.*, 182 Neb. 562, 156 N. W. 2d 133. See Annot., 24 A. L. R. 3d 1353.

Hackman having recovered the full amount of his damages from American the primary insurer no other damages remain to be recovered from State Farm. State Farm policy specifically provides that it will apply as excess only and there is no excess. *Maryland Cas. Co.* v. *Howe, supra.*

Question 6 asks whether Hackman is entitled to interest on the award and if so from what date and from whom?

We hold that Hackman is entitled to interest from American the primary insurer from October 7, 1967, the date of the arbitrator's award.

RSA 524:1-b ( supp ) provides for interest from the date of writ "in all other civil proceedings at law or in equity in which a verdict is rendered or a finding is made . . . ." By the terms of the uninsured motorist policy, and by demand of Hackman the parties have submitted the question of Hackman's right to recovery and damages to an arbitrator. This has been held permissible under RSA ch. 542 ( *Kirouac* v. *Healey*, 104 N. H. 157, 162, 181 A.2d 634 ) but does not qualify the demand for arbitration as a date of writ under RSA 524:1-b ( supp. ) However, the arbitrator's award is a verdict and Hackman is entitled to interest from

the date of that award. RSA 524:1; *Pearson* v. *Wallace*, 93 N. H. 381, 42 A. 2d 738; *Newmarket Electric Co.* v. *Chase*, 79 N. H. 280, 108 A. 382; *Lundgren* v. *Freeman*, 307 F. 2d 104 ( 9th Cir. 1962 ); 47 C. J. S., Interest, *s.* 20.

*Remanded.*

All concurred.