WILLIAM W. THOMAS'S (dependent's) CASE. No. 86-837. March 2, 1988. *Workmen's Compensation Act,* Discontinuance of payments, Compensation, Interest. *Interest. Words,* "Continuing."

When the self-insurer[1] discontinued making payments to the claimant which were required under a judgment of the Superior Court affirming the decision of the Industrial Accident Board (board), the claimant brought a complaint for contempt. The self-insurer explained that it had paid the claimant the maximum amount of benefits due her as well as simple interest computed thereon at the rate of ten percent. See G. L. c. 152, §§ 31 and 50, respectively. The judge ordered the complaint dismissed.[2] On appeal the claimant argues that, because the judgment affirming the board's decision (and tracking the language of the board) provides that weekly benefits are to be paid from July 5, 1980 (the date of the employee's death), "to the present and continuing," the self-insurer must continue to pay her weekly benefits, notwithstanding the cap on benefits set out in § 31, until such time as the judgment is no longer in effect. The claimant further argues that she was entitled to compound interest at the rate of twelve percent. We affirm.

1. *The compensation benefits.* There is no contention by the claimant that she has not in fact received the maximum amount of compensation benefits provided for by § 31. Rather, her argument is that, as no appeal was taken from the judgment, it was in effect when the self-insurer discontinued payments. As the judgment controls and calls for "continuing" payments, the self-insurer violated the court order when it ceased making payments. As authority for the claim, the claimant relies upon *Slaves of the Immaculate Heart of Mary of Saint Benedict Center, Inc.* v. *Dalton,* 397 Mass. 784, 788 n.5 (1986).

When the judgment is construed in a common sense fashion and in light of the circumstances of the proceedings, we think it apparent that the word "continuing" implicitly means that payments are to continue in accordance with the provisions of G. L. c. 152. See *Johnson's Case,* 242 Mass. 489, 494 (1922); *Sargent's Case,* 347 Mass. 250, 252-253 (1964). See also Locke, Workmen's Compensation § 595 (2d ed. 1981).

---

[1] *Massachusetts Bay Transportation Authority.*

[2] The docket entries do not reflect the entry of a judgment on the order of dismissal as required by Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1977). We treat the order as if it were a judgment. See *Lewis* v. *Emerson,* 391 Mass. 517, 519-520 (1984).

2. *The interest payment.* (a) As the claimant filed her claim with the board on January 13, 1981, she was entitled to (and received) interest on the compensation benefits at the rate in effect on that date, that is, ten percent. See G. L. c. 152, § 50, as appearing in St. 1980, c. 322, § 1. She contends, however, that, because she received no benefits until after the single member's decision on August 16, 1984, she should receive interest at the rate in effect on that date, that is, twelve percent. See G. L. c. 152, § 50, as amended by St. 1982, c. 183, § 1. This argument is based upon what she perceives to be a need to read § 50 harmoniously with § 51A, inserted by St. 1969, c. 833, § 1. Section 51A reads: "In any claim in which no compensation has been paid prior to the final decision on such claim, said final decision shall take into consideration the compensation provided by statute on the date of the decision, rather than the date of the injury." In *McLeod's Case*, 389 Mass. 431, 434-435 (1983), the court construed the phrase "shall take into consideration" as being mandatory rather than directive or discretionary. From this decision, the claimant concludes that § 50 requires interest to be paid to her at the rate in effect on August 16, 1984. The claimant's insistence that the two sections must be read to be consistent with each other ignores the fact that the provisions lack commonality. Each deals with a separate and distinct component of the total amount due a claimant, and each component serves a different purpose. See *Murphy's Case*, 352 Mass. 233, 235 (1967). Further, in establishing the controlling date, the Legislature used in § 50 clear, unambiguous, mandatory language, the rate in effect on the "date of the receipt of the notice of the claim by the board." See *Sjoberg's Case*, 394 Mass. 458, 464 n.3 (1985). (b) As pertinent to the claimant's final argument, § 50 provides that "interest shall be computed on each unpaid weekly payment." There is nothing in that mandate which entitles the claimant to compound interest. Indeed, such an award would be contrary to the well established rule that compound interest is not authorized except in certain proceedings in equity or by express statutory language. See *Shapiro* v. *Bailen*, 293 Mass. 121, 123-124 (1936); *Coupounas* v. *Madden*, 401 Mass. 125, 131 (1987). Cf. Restatement (Second) of Trusts § 207(2) (1959); Restatement of Torts § 913 comment b (1979); Restatement (Second) of Contracts § 354 comment a (1981). Compare *Sarrouf* v. *New England Patriots Football Club, Inc.*, 397 Mass. 542, 551 (1986).

*Judgment of dismissal affirmed.*

*Lester M. Gold* for the claimant.
*Jacqueline Y. Parker* for the employer.