Hillsborough
No. 88-471

DANIEL AND SUSAN LEACH

v.

ROBERT J. O'NEILL, JR.

January 31, 1990

*Law Office of Thomas Craig P.A.*, of Manchester (*Paul D. Parnass* on the brief and orally), for the plaintiffs.

*Sulloway Hollis & Soden,* of Concord (*John R. Harrington* and *Eleanor H. Holmes* on the brief, and *Mr. Harrington* orally), for the defendant.

THAYER, J. The plaintiffs, Daniel and Susan Leach, appeal an order of the Superior Court (*Dalianis,* J.) granting them interest on an arbitration award only from the date of the arbitration decision, and not from the date they filed their writ. The plaintiffs allege that under RSA 524:1-b they are entitled to interest from the date they initiated suit in superior court. For the reasons stated below, we affirm the trial court's order.

The record reveals that on January 1, 1986, the plaintiffs and the defendant, Robert J. O'Neill, Jr., were involved in an automobile accident while they were traveling in opposite directions along Route 101 in Epping. Both Susan Dolph, now Susan Leach, and Daniel Leach were injured and taken to a hospital emergency room where they were examined, treated, and released. Mr. Leach suffered contusions to his chest, back, knees, and hips, and he experienced headaches and neck pains. He sought medical treatment three to four times over a two-year period, and sustained no permanent injuries. Mrs. Leach was also injured in the accident. She suffered injuries to her chest and both hands. While the injuries to her chest and left hand healed in due course, her right hand sustained an over-riding fracture which was very slow in healing, and which has permanently limited its use.

Mr. and Mrs. Leach commenced an action for personal injuries against the defendant by writ of summons dated September 8, 1986. The plaintiffs sought the recovery of damages they suffered from the accident as well as interest, costs, and attorney's fees. After the parties engaged in discovery and filed pre-trial statements, the case was scheduled to be tried before a jury on April 13, 1988. Prior to the trial date, Superior Court Rule 170 was adopted dealing with nonbinding arbitration. By superior court order dated April 11, 1988, the case was scheduled for a Rule 170 arbitration. The defendant's insurance carrier indicated, however, that it would not agree to be bound by a Rule 170 arbitration decision, and the parties subsequently decided not to proceed under Rule 170, but rather to be bound by an arbitration decision rendered by the American Arbitration Association. The parties filed a stipulation with the superior court pursuant to RSA 542:3-a, an arbitrator was appointed, and a decision and award was rendered on August 23, 1988. The arbitrator awarded Daniel Leach $12,500 and Susan Leach $25,000.

The decision and award does not indicate whether or not, or to what extent, the arbitrator took into consideration the value of the use of money, in the form either of an interest rate on damages for past injuries, or of a discount rate on damages for permanent disabilities. However, there is evidence that the arbitrator compensated both plaintiffs for injuries they sustained both before and after the date of the writ. In the case of Daniel Leach, the arbitrator referred to medical treatment over a two-year period, absence from work for several days after the accident, and a diminution in his physical activities for an unspecified period of time. With regard to Susan Leach, the arbitrator found that her right hand suffered a "partial/permanent disability," which has limited and will continue to limit her ability to play the piano and engage in sports activities. The accident occurred on January 1, 1986, and the writ was filed on September 8, 1986. Thus, the arbitrator's award takes into account damages sustained before the date of the writ, sustained between the date of the writ and the date of the award, and likely to be sustained after the award due to future disability.

After the arbitration decision was rendered, the plaintiffs filed a motion in superior court pursuant to RSA 542:8, :9, in which they requested the court to enter judgment in accordance with the arbitrator's decision and also to award them interest from the date of the writ. *See* RSA 524:1-b. After confirming the arbitrator's award, the court determined that "a demand for arbitration under RSA 542 does not qualify as a date of a writ under RSA 524:1-b." Hence, the superior court granted the plaintiffs interest on their respective awards from the date of the arbitration decision, and not from the date of the writ.

When the parties to a lawsuit stipulate to submit their dispute to an arbitrator, the arbitration proceedings are governed by RSA chapter 542, except as otherwise provided in the stipulation. *See* RSA 542:3-a. After an award is rendered by an arbitrator, the superior court's power is limited to confirming the award, modifying the award for plain mistake, or vacating the award for fraud, corruption, or misconduct by the parties or arbitrators. RSA 542:8. "Upon the granting of an order confirming ... an award, judgment may be entered in conformity therewith ...." RSA 542:9. RSA chapter 542 does not authorize the superior court to add interest to an arbitration award. Indeed, the law in New Hampshire has long been established that if an award is accepted by the superior court and an order is granted confirming the award, "[t]here can be no variation from it." *Chapin v. Boody,*

25 N.H. 285, 288 (1852); *accord Andrews v. Foster*, 42 N.H. 376, 378 (1861).

The statute that the plaintiffs rely on in support of their argument, which is entitled "Interest from Date of Writ" and is included in the section "Proceedings in Court," provides:

> "In all other civil proceedings at law or in equity in which a verdict is rendered or a finding is made for pecuniary damages to any party, whether for personal injuries, for wrongful death, for consequential damages, for damages to property, business or reputation, for any other type of loss for which damages are recognized, there shall be added forthwith by the clerk of court to the amount of damages interest thereon from the date of the writ or the filing of the petition to the date of such verdict or finding even though such interest brings the amount of the verdict or findings beyond the maximum liability imposed by law."

RSA 524:1-b. The basis for the plaintiffs' contention that they are entitled to interest from the date of the writ is that they initiated the instant action by filing a writ. They claim that their case was scheduled for arbitration as a substitute for a jury, *see* RSA 542:3-a, and the fact that an arbitrator rather than a judge or jury settled their dispute does not vitiate their right to interest from the date of the writ under the terms of RSA 524:1-b.

For the plaintiffs to prevail, the phrase "all other civil proceedings at law or in equity in which a verdict is rendered or a finding is made" must be interpreted to include all arbitration proceedings. *See* RSA 524:1-b. To construe the meaning of a statute, we examine the statutory language and ascribe the plain and ordinary meanings to words used. RSA 21:2; *In re Robyn W.*, 124 N.H. 377, 379, 469 A.2d 1351, 1352 (1983). We find that while an arbitrator may render a verdict or make findings based on the evidence presented, an arbitration proceeding pursuant to RSA chapter 542 is not a "civil proceeding at law or in equity" within the meaning of RSA 524:1-b. Instead, a civil proceeding in this context refers to court proceedings, and not to arbitration proceedings covered by RSA chapter 542. Thus, the plaintiffs are not entitled to recover interest on the arbitrator's award from the date they filed their writ.

The plaintiffs rely on the case *Hackman v. American Mutual Liability Insurance Co.*, 110 N.H. 87, 261 A.2d 433 (1970) to argue that arbitration proceedings fall within the coverage of RSA 524:1-b. In *Hackman*, the plaintiff submitted his right to recovery and damages to an arbitrator, and petitioned the superior court to enter judgment in accordance with the arbitration award, as well as to

add interest to the award. *Id.* at 89, 261 A.2d at 435. Unlike Susan and Daniel Leach, the plaintiff in *Hackman* submitted his case to arbitration without first filing a writ in superior court. Finding that the plaintiff's submission of the dispute to arbitration did not qualify the demand for arbitration as a "date of writ" under RSA 524:1-b, the *Hackman* court denied his request for interest pursuant to that statute. *Id.* at 94, 261 A.2d at 438. However, the court found that the plaintiff was entitled to interest from the date of the arbitrator's award based on an alternative statute, *viz.* RSA 524:1, *repealed by* Laws 1963, 293:2. *Id.* at 94–95, 261 A.2d at 438. RSA 524:1 provided that "in rendering judgments for the debt or damages found by verdict, report of an auditor *or otherwise*, interest shall be added from the time of such finding to the rendition of judgment" (emphasis added). This statute specifically granted interest on awards for damages found by verdict *or otherwise*, which arguably could include damages awarded through RSA chapter 542 arbitration proceedings. The present statute, RSA 524:1-b, however, is more restrictive and does not contain the term "or otherwise." Therefore, since the *Hackman* court did not base its interest award on RSA 524:1-b, the plaintiffs' reliance on *Hackman* is misplaced. The defendant did not raise on appeal the propriety of the trial court's ruling that the interest is to be calculated from the date of the arbitrator's award rather than from the date the award is entered as a judgment. *See* RSA 336:1 (annual rate of interest on judgments shall be ten percent); *cf. Ellis v. Royal Ins. Co.,* 129 N.H. 326, 340–41, 530 A.2d 303, 312 (1987) (arbitration award entitled to interest from date of award, pursuant to RSA 524:1-b) (citing *Hackman v. American Mut. Liab. Ins. Co. supra* (arbitration award entitled to interest from date of award, pursuant to RSA 524:1)). *But see* RSA 524:1, *repealed by* Laws 1963, 293:2. Therefore, we express no opinion on whether interest on an award should be calculated from the date thereof.

■ There is another reason for denying the plaintiffs' request. The facts of the instant case do not warrant the addition of interest from the date of the writ, because it is unclear from the record whether or not, or to what extent, the arbitrator included interest on the plaintiffs' awards. When the plaintiffs filed their writ in September, 1986, they sought the recovery of damages as well as interest. Then, when the parties agreed to have their dispute settled by binding arbitration, they stipulated to submit "this case" to an arbitrator. The record does not contain a transcript of the arbitration proceedings, and the arbitrator did not break down the plaintiffs' awards in such a way that we can now determine how

much consideration, if any, was given to interest. It is clear from the decision and award, however, that the arbitrator took into account damages sustained before and after the date of the writ, and in the case of Susan Leach, the arbitrator also considered the damages likely to be sustained before and after the date of the award as a result of the disability of her right hand. It would be impossible, therefore, for the trial court to determine whether, or to what extent, the arbitration award included interest. Accordingly, we hold that under the facts of this case, the plaintiffs are not entitled to interest from the date of their writ.

*Affirmed.*

All concurred.