Hillsborough-northern judicial district
No. 92-250

## METROPOLITAN PROPERTY & LIABILITY INSURANCE COMPANY

### v.

### JOYCE K. AND WILBUR RALPH

March 31, 1994

*Wiggin & Nourie, P.A.*, of Manchester (*Gordon A. Rehnborg, Jr.* and *Doreen F. Connor* on the brief, and *Mr. Rehnborg* orally), for the plaintiff.

*Engel, Gearreald & Gardner, P.A.*, of Exeter (*Mark S. Gearreald* on the brief and orally), for the defendants.

HORTON, J.   The plaintiff, Metropolitan Property & Liability Insurance Company (Metropolitan), appeals an order of the Superior Court (*Perkins*, J.) requiring it to pay more than $48,000 in prejudgment interest to its insureds, Joyce K. and Wilbur Ralph. The Ralphs cross-appeal, arguing that the trial court erred in calculating prejudgment interest at a simple rate under RSA 336:1 (1984). We affirm.

In 1979, Joyce K. Ralph was injured when her car was struck by a vehicle driven by Raymond J. Clark. Clark was insured by National Grange Mutual Insurance Company (National Grange) under an automobile liability policy that provided $100,000 in coverage. Mrs. Ralph and her husband brought suit against Clark in 1983. The Ralphs were insured by Metropolitan under a policy that provided uninsured motorist coverage of $250,000 per person. In 1985, the Ralphs demanded arbitration against Metropolitan, but the parties agreed to delay arbitration until after the suit against Clark was resolved.

Because of delay in scheduling a trial date, the Ralphs, Clark, and National Grange agreed in 1989 to binding arbitration in the Ralphs' action against Clark. The Ralphs' attorney repeatedly asked Metropolitan to participate in the arbitration of the underlying liability action, but Metropolitan declined based on its determination that the Ralphs' damages would not exceed Clark's $100,000 policy limit. The Ralphs and National Grange discussed adding interest to the arbitration award from the date of the writ, as would have happened pursuant to RSA 524:1-b (1974) if the case had proceeded to a jury trial in superior court.

In early 1990, the three-member arbitration panel awarded judgment for the Ralphs "in the combined amount of NINETY THOUSAND DOLLARS ($90,000). Said judgment does not include any interest which shall be calculated and added to the judgment pursuant to R.S.A. 524:1-b, or as agreed to by counsel for the parties." Interest was calculated at $58,245. Metropolitan consented to the Ralphs' settlement with National Grange for the $100,000 liability limit of Clark's policy. The Ralphs then renewed their demand for arbitration against Metropolitan, seeking to recover the balance of the interest, $48,245.

Metropolitan filed a petition for declaratory judgment asking that the Ralphs' demand for uninsured motorist arbitration be rejected. Metropolitan argued that the Ralphs were bound by the liability arbitration, and because the Ralphs' damages were only $90,000, an amount within the tortfeasor's policy limits, the Ralphs could not make a claim against their uninsured motorist policy. Metropolitan also moved for summary judgment asserting that the Ralphs were bound by the underlying arbitration award, that they were precluded from asserting additional damages in further arbitration by the doctrine of collateral estoppel, and that they are entitled only to interest accruing since the date of the liability arbitrator's award.

On Metropolitan's motion for summary judgment, the Superior Court (*McHugh*, J.) ruled that the Ralphs "had a full and fair opportunity to litigate the amount of damages for which the tortfeasor was responsible and they are thus barred by the doctrine of collateral estoppel from relitigating that issue." With regard to the question of whether Metropolitan was liable for the $48,245 in prejudgment interest, the court found a dispute of material fact as to whether the Ralphs and National Grange agreed that interest on the arbitrator's award would run from the date of the writ. A hearing was held, and the Superior Court (*Perkins*, J.) ruled that the Ralphs and National Grange "did agree prior to entering into arbitration that interest on the arbitrator's award would run from the date of the writ."

Metropolitan argued that it was not bound by a private agreement between the Ralphs and National Grange because it was not a party to the agreement. The court ruled:

> "Defendants note that [Metropolitan's] position is inconsistent: on the one hand, it seeks to bind defendants to the arbitration award, while on the other hand [Metropolitan] seeks to exclude prejudgment interest from that award, asserting that it is not bound by the agreement between defendants and National Grange.
>
> The Court finds that [Metropolitan] is responsible for payment of prejudgment interest. [Metropolitan] cannot simultaneously accept the arbitration award and reject the agreement regarding interest upon which the award was premised."

The court also denied the Ralphs' motion to amend their requests to increase the balance of interest owed from $48,245 to $80,910.34 based on a claim of right to compound interest. Both parties appealed.

*I. Prejudgment Interest*

■ At the conclusion of the liability arbitration proceedings, Metropolitan was in a position to either accept the results of those proceedings, or reject them and move to fresh arbitration on liability and damages under the terms of its uninsured motorist coverage. This election existed because the Ralphs were bound by the factual findings of that award, including damages, by the doctrine of collateral estoppel. *See Caouette v. Town of New Ipswich*, 125 N.H. 547, 554, 484 A.2d 1106, 1111 (1984); *Sanderson v. Balfour*, 109 N.H. 213, 216, 247 A.2d 185, 187 (1968). On the other hand, Metropolitan was not bound by these findings since the liability arbitration proceedings were not "an action prosecuted by the insured or his legal representative with the written consent of METROPOLITAN," as required under part 3 of the Ralphs' policy, nor was Metropolitan otherwise asserted to be in privity with the Ralphs in those proceedings. *Nat'l Grange Mut. Ins. Co. v. Smith*, 133 N.H. 279, 280, 574 A.2d 1386, 1387 (1990); *see also U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 674 (Tex. Ct. App. 1993). Faced with this election, Metropolitan chose to assert the binding effect of the liability arbitration. This choice was made in the face of the Ralphs' demand for fresh arbitration on the uninsured motorist claim. Having made this election, Metropolitan has consented to be bound, after the fact, to the proceedings and to the award. Thus, as found by the trial court, "[Metropolitan] cannot simultaneously accept the arbitration award and reject the agreement regarding interest upon which the award was premised." Metropolitan's election was made with full knowledge of the award and the interest component thereof.

■ We have recognized that the time/money element may be proper for inclusion in an uninsured motorist arbitration award, both retrospectively and prospectively. *See Leach v. O'Neill*, 132 N.H. 665, 667, 568 A.2d 1189, 1190 (1990). In *Leach*, we could not determine whether the time/money element was included in the bulk award; we held that the provisions of RSA 524:1-b, regarding interest on verdicts, do not apply to such awards. *Id.* at 669, 568 A.2d at 1191–92. We have also recognized that the manner in which the time/money element is to be handled in arbitration may be established by the parties to the arbitration, including using RSA 524:1-b as the measuring stick. *Major v. Acorn Investment Co.*, 134 N.H. 86, 90, 588 A.2d 811, 813 (1991). Since the parties agreed to use RSA 524:1-b as a measuring stick for the time/money element in the underlying liability arbitration, the interest calculated according thereto is

properly considered part of the arbitration award. This holding does not affect the general rule that interest runs from the date of an arbitration award. *Ellis v. Royal Ins. Co.*, 129 N.H. 326, 341, 530 A.2d 303, 312 (1987); *Hackman v. American Mut. Liab. Ins. Co.*, 110 N.H. 87, 94, 261 A.2d 433, 438 (1970). We continue to presume that the time/money factor is included in an arbitration award, absent explicit indication of the contrary.

Metropolitan next argues that even if it is bound by the liability arbitration award, the award assessed damages and interest separately. Under the terms of its contractual insurance obligation, Metropolitan contends that it is liable only for damages, not pre-award interest. Since damages were assessed at $90,000, and that sum was paid by the liability carrier, there is no coverage on which to base an interest payment order. This argument is based on a recent decision of this court, *National Grange Mutual Insurance Co. v. Smith*, 133 N.H. 279, 281–82, 574 A.2d 1386, 1387–88 (1990). In *National Grange*, the court was faced with an uninsured motorist claim based on a superior court verdict that bound the uninsured motorist carrier. The carrier was relieved of the obligation to pay prejudgment interest by virtue of the terms of its coverage. The court analyzed the policy, finding that the uninsured motorist coverage provided payment for an "amount that 'the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury . . . including death . . . .'" *Id.* at 281, 574 A.2d at 1387. The court found no definition provided for "damages," but, reading the policy as a whole, found, in the context of the liability coverage section, a distinction between "damages" and "interest on the judgment." Finding no reason to ignore this distinction in its interpretation of "damages" under the uninsured motorist section, it found no contractual obligation to pay prejudgment interest. Nor did it find any obligation to pay prejudgment interest extraneous to the policy.

The policy language at issue in *National Grange* does not materially differ from the policy language before us now. The uninsured motorist coverage (section II, part 3) is essentially the same. Part 3 expressly incorporates the liability section (part 1) definition of "damages." The definition is hardly helpful: "'damages' with respect to bodily injury includes damages for care and loss of services resulting therefrom . . . ." In part 1, Metropolitan agrees to pay "all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . ." It makes no mention of prejudgment

interest, but agrees to pay, as "Additional Payments," "all interest on the entire amount of any judgment [in any suit defended by Metropolitan] which accrues after the entry of judgment . . . ." The *National Grange* distinction clearly exists.

It is troubling to ruminate on where the *National Grange* holding takes us. We have said that because the liability coverage of these policies distinguishes between "damages" and "interest," the obligation to pay damages does not include an obligation to pay prejudgment interest, at least under the terms of uninsured motorist coverage. But the distinction is drawn under the terms of liability coverage. Does not the logic of the holding drive us to say that prejudgment interest is not covered under liability coverage? The case of the well-insured individual, who suffers a verdict at the end of a long-delayed liability action and faces paying more in interest than the "damages" covered by the policy, is not pleasant to contemplate.

█ So we revisit the prejudgment interest holding of *National Grange*. That holding found that the "damages" measure of coverage in uninsured motorist claims did not include prejudgment interest, since the damages covered by liability coverage was distinguished from post-judgment interest. The policy in *National Grange*, and in the case before us, does not specifically address prejudgment interest. Therefore, the question to be revisited is whether "damages" in the liability, and by extension in the uninsured motorist, parts of the policy includes prejudgment interest provided by RSA 524:1-b on verdicts (as in *National Grange*) or prejudgment interest awarded under an arbitration award. We hold that the policy's use of "damages" necessarily includes prejudgment interest. *See* A. WINDT, INSURANCE CLAIMS AND DISPUTES § 6.15, at 321 (1988). Prejudgment interest is added, pursuant to RSA 524:1-b, to the amount of damages determined by verdict, prior to judgment. The legislature has provided, in RSA 412:1 (1991) regarding bodily injury liability policies, that such policies "shall contain an agreement in clear and explicit terms binding the insurer, to the extent of the liability assumed by the policy, to pay and satisfy any such judgment, and to protect the assured against the levy of any execution issued upon the same." We interpret the clause "to the extent of the liability assumed by the policy" to limit the statutory insurance obligation to the policy limits. The policy at issue, where possible, must be interpreted to comply with this statutory mandate. Thus, the damages payment promised includes all elements of the judgment or award, *see* RSA 542:9 (1974), absent provision for payment elsewhere in the policy. We would overrule the prejudgment interest rule in *National*

*Grange* and affirm the trial court's finding of an obligation in Metropolitan's policy to pay this interest. Because our colleagues Chief Justice Brock and Justice Thayer dissent from this opinion and Justice Johnson concurs only in the result, however, there is no majority opinion in this case. The trial court's finding is affirmed, but the validity of *National Grange* is left for another day.

## II. Simple v. Compound Interest

The Ralphs have cross-appealed, asserting that prejudgment interest should have been calculated by compounding. They seek an award of $80,910.34, rather than the $48,245 calculated by simple interest that the trial court awarded.

■ Pursuant to RSA 524:1-b, prejudgment interest is added to the amount of the prevailing party's damages at the time a verdict or finding is made. The applicable interest rate is set forth in RSA 336:1: "The annual rate of interest on judgments and in all business transactions in which interest is paid or secured, unless otherwise agreed upon in writing, shall equal 10 percent." The defendants contend that the phrase "annual rate of interest" requires that interest be compounded each year on the anniversary of the date of the writ. RSA 524:1-b, however, provides for interest only on the verdict or finding; the plain language of the statute does not provide for interest on accrued interest. Moreover, the prevailing view in other jurisdictions with similar interest statutes is that interest is to be calculated on a simple basis in the absence of an express authorization from the legislature. *See William W. Thomas's Case*, 25 Mass. App. Ct. 964, 965, 519 N.E.2d 786, 788 (1988); RESTATEMENT (SECOND) OF TORTS § 913 comment *b* (1977). Inasmuch as the New Hampshire Legislature has not expressly provided for compound interest under RSA 336:1, we cannot accept the defendants' argument. *See* R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE & PROCEDURE § 1694 (1984).

The Ralphs further argue that the term "annual rate" in RSA 336:1 is synonymous with compounding. Other jurisdictions have rejected this interpretation, holding that "per annum," "per year," or "annual rate" provides for simple interest. *See Stovall v. Illinois Central Gulf R. Co.*, 722 F.2d 190, 192 (5th Cir. 1984); *Republic Sec. Corp. v. Puerto Rico Aqueduct & Sewer Authority*, 674 F.2d 952, 958–59 (1st Cir. 1982); *Lee v. Volkswagen of America, Inc.*, 743 P.2d 1067, 1069 (Okla. 1987); *Schwartz v. Piper Aircraft Corp.*, 90 Mich. App. 324, 327–28, 282 N.W.2d 306, 309 (1979). The defendants argue that these cases are distinguishable because these jurisdictions have

two distinct statutes, one specifying a compound or actuarial rate, and the other providing for an annual rate of interest. More persuasively, these cases support the position that interest is computed on a simple basis in the absence of express authorization from the legislature.

Our holding that RSA 336:1 provides for simple interest is also consistent with past applications of the statute. In *Mast Road Grain & Building Materials Co. v. Piet*, 126 N.H. 194, 198, 489 A.2d 143, 146 (1985), this court applied both RSA 336:1 and RSA 524:1-a to grant the plaintiff "an interest rate of 10% upon the total amount of the debt owing from the commencement of the suit." It appears that this court computed the interest on the judgment based upon a simple rate of interest.

■ The defendants further challenge the trial court's award of simple interest on the grounds that awarding the prevailing plaintiff simple interest contravenes the legislative intent of RSA 524:1-b, to accelerate settlement and provide compensation for the loss of use of money damages. *See Chagnon v. Union-Leader Co.*, 104 N.H. 472, 476, 190 A.2d 721, 724 (1963). Assuming the language of RSA 524:1-b is ambiguous, *cf. Union Leader Corp. v. Fenniman*, 136 N.H. 624, 626, 620 A.2d 1039, 1040 (1993), our examination of the legislative history leads us to the contrary conclusion. As this court has noted, "[i]n each case, the Court must seek the specific intent of the lawmakers in the particular legislation, and once disclosed, it controls any generalized statements elsewhere as to the meaning of the words used." *Chagnon*, 104 N.H. at 477, 190 A.2d at 724. In this case, an examination of the legislative history of RSA 524:1-b and RSA 336:1 reveals that the intent of the legislature was to calculate interest on a simple basis under RSA 336:1. In its original form, RSA 524:1-b applied only to personal injury awards, awards for wrongful death, consequential damages, and damage to property. *See Chagnon*, 104 N.H. at 473, 190 A.2d at 722. In 1963, the legislature amended the statute to encompass all money damage awards. During a discussion of the amendment, Senator Green described the purpose of RSA 524:1-b as follows:

> "[T]o provide that in all cases, interest was to be added to the judgment, not only in personal injuries, but in all other cases. This amendment would provide that interest is added only at the time of the final verdict when the case is heard and over with *so it is not compounded interest on interest*."

N.H.S. JOUR. 705 (1963) (emphasis added). Subsequent to this amendment the legislature also rejected a house bill proposing the

application of a compound rate under RSA 524:1-b. *See* N.H.S. JOUR. 1139–41 (1967). Accordingly, we find that the legislative history buttresses our holding that RSA 336:1 provides for simple interest.

We have considered the defendants remaining arguments in support of compound interest and have found them unpersuasive. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993). We affirm the trial court's award as calculated.

*Affirmed.*

BATCHELDER, J., concurred; JOHNSON, J., concurred specially in Part I and concurred in Part II; THAYER, J., with whom BROCK, C.J., joined, dissented.

JOHNSON, J., concurring specially in part: I would affirm the trial court in this case, but would not reach the issue of whether there is continuing vitality in *National Grange Mutual Insurance Co. v. Smith*, 133 N.H. 279, 574 A.2d 1386 (1990). Hence, I concur in the result reached by my colleagues Justices Horton and Batchelder, but I do not conclude that *National Grange* should be overruled.

The trial court made significant findings of fact that lead me to this conclusion. The trial court found as follows:

> "Metropolitan's repeated and steadfast refusal to participate in any way constituted a waiver on the part of Metropolitan of any objection it might have been able to assert to the terms of the arbitration proceedings agreed upon by the Ralphs and National Grange, including the term regarding addition of pre-judgment interest as part of any award."

The trial court further found that:

> "Metropolitan is now seeking to renege on its position, expressed in Mr. Auth's [Metropolitan's claim service representative] letter of August 3, 1988 (Plaintiffs' Exhibit 24), that it *would* participate should the arbitration hearing result in a verdict in excess of National Grange's policy limit, which did occur here by virtue of pre-judgment interest being part of the arbitrators' award as per agreement of the Ralphs and National Grange."

The record supports the trial court's findings of fact. *See Renovest Co. v. Hodges Development Corp.*, 135 N.H. 72, 79, 600 A.2d 448, 452 (1991). Finally, the trial court in its written order concluded:

> "Defendants note that the plaintiff's position is inconsistent: on the one hand, it seeks to bind defendants to the arbi-

> tration award, while on the other hand plaintiff seeks to exclude prejudgment interest from that award, asserting that it is not bound by the agreement between defendants and National Grange.
>
> The Court finds that plaintiff is responsible for payment of prejudgment interest. Plaintiff cannot simultaneously accept the arbitration award and reject the agreement regarding interest upon which the award was premised."

I concur with the trial court's ultimate findings. I conclude that Metropolitan is estopped to deny coverage for the entire award granted to the Ralphs based on its conduct prior to and after the arbitration award. The arbitration award was made in January 1990. On April 4, 1990, Mr. Auth, on behalf of Metropolitan, wrote to the Ralphs' attorney, "I have reviewed this matter *quite closely* and in view of the fact that the American Arbitration Association places a value of $90,000.00 on this case I must deny any claims for Underinsured Motorist coverage as you failed to obtain a verdict either equal to or in excess of the underlying carriers policy limit." (Emphasis added.) Mr. Auth, however, who at this time was surely aware of the parties' agreement as to pre-judgment interest, did state that "Metropolitan Property and Liability Insurance Company hereby grants its consent to settle the third party liability claim with National Grange Insurance Company for their $100,000 policy limit." The Ralphs attempted to have the arbitration with Metropolitan proceed, but Metropolitan refused. This case then followed.

Simply put, Metropolitan refused to take part in the original arbitration proceedings with Clark's insurance company, yet insisted that the Ralphs were bound by the results of the very arbitration proceeding in which it declined to participate. As the trial court aptly found, "Metropolitan cannot have it both ways: on the one hand seeking to bind the Ralphs to the arbitration award while on the other hand seeking to exclude from that award prejudgment interest on grounds that Metropolitan did not agree to any of the terms of the arbitration proce[e]dings." In my view, Metropolitan had to accept all of the arbitration award—that is, damages plus interest from the date of the writ—or none of it. Metropolitan cannot accept that portion of the award that it likes and reject that portion of the award it dislikes.

My colleagues have engaged in an interesting discussion of *National Grange*. Two of my colleagues would overrule that case, which was decided only three years ago by a unanimous court; two of my colleagues believe it mandates a finding in favor of Metropolitan. I

see no cause to reach the issue as this case can be decided as set forth above.

This court has repeatedly extolled the virtues of *stare decisis. See, e.g., Brannigan v. Usitalo*, 134 N.H. 50, 53, 587 A.2d 1232, 1233 (1991); *Petition of Correia*, 128 N.H. 717, 721–22, 519 A.2d 263, 266 (1986). I see no reason, whatsoever, for an appellate court to go out of its way to overrule a case when ample grounds exist upon which to decide the case without doing violence to the doctrine of *stare decisis*. There may be a case in the future where *National Grange* must be revisited. When, and if, that time comes I will approach the case with *stare decisis* firmly in mind. Of course, if the legislature addresses the problem which confronts us today, there will be no need to revisit *National Grange*. This case, however, does not call for such an examination at this time; hence, to that extent I can not join my colleagues Justices Horton and Batchelder in their call to overrule *National Grange*.

THAYER, J., dissenting: I would reverse the trial court's award of prejudgment interest to the insureds. Although I agree with the plurality that the parties to an arbitration may consent to include interest as calculated by RSA 524:1-b (1974) in an arbitration award, *see Major v. Acorn Investment Co.*, 134 N.H. 86, 90, 588 A.2d 811, 813 (1991), I disagree that Metropolitan can be bound to the terms of a private agreement to pay prejudgment interest to which it was not a party and which was entered without its knowledge.

The plurality concedes that while the Ralphs could be bound by collateral estoppel to the damages awarded by the arbitration panel, Metropolitan could not be so bound because it was neither a party to nor otherwise in privity with the Ralphs for the purposes of the arbitration proceedings. The plurality then does an abrupt about-face, finding that Metropolitan, by properly seeking to estop the Ralphs from relitigating the $90,000 damages award, was bound to the parties' private agreement on the addition of prejudgment interest. Effectively the plurality requires under the facts of this case one of two untenable results: (1) that the Ralphs be given a second opportunity to litigate their damages claim, this time against their own insurer; or (2) that Metropolitan be given no opportunity to challenge whether prejudgment interest should be included in the award against Clark. Not surprisingly, the opinion cites no authority to support this result.

I additionally disagree with my colleagues who would overturn *National Grange Mutual Insurance Co. v. Smith*, 133 N.H. 279, 574 A.2d 1386 (1990). As we recognized in *Brannigan v. Usitalo*, 134

N.H. 50, 53, 587 A.2d 1232, 1233 (1991), *stare decisis* "is essential if case-by-case judicial decision-making is to be reconciled with the principle of the rule of law, for when governing legal standards are open to revision in every case, deciding cases becomes a mere exercise of judicial will, with arbitrary and unpredictable results." (Quotation omitted.) *See also Providence Mut. Fire Ins. Co. v. Scanlon*, 138 N.H. 301, 303–04, 638 A.2d 1246, 1248 (1994). This rule seems particularly applicable in the realm of contracts, where parties rely on previous interpretations of statutes and contractual provisions in conducting their ongoing business. *See, e.g., Payne v. Tennessee*, 111 S. Ct. 2597, 2609–10 (1991). Because I feel that the *National Grange* decision provides a workable and reasonable interpretation of the statute, I would not now overturn it, but would instead leave to the legislature the responsibility to amend the statute if our *National Grange* interpretation did not meet with their intent in enacting it. As my colleagues concede, were the court to follow *National Grange*, the Ralphs would not be entitled to recover the prejudgment interest, and I would so rule.

BROCK, C.J., joins in the dissent.