Leslie B. v. Winnacunnet Coop. Sch. D CV-97-530-SD   11/19/98
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Leslie B., by her parents,
 John C. and Nancy M. Irish

        v.                          Civil No. 97-530-SD

Winnacunnet Cooperative
 School District

                      O R D E R

     In the above-entitled action filed under 20 U.S.C. §

1415(e)(2) of the Individuals with Disabilities Education Act

(IDEA), this court found that the Winnacunnet Cooperative School

District's individualized education program (IEP) regarding

plaintiff Leslie B. for the 1994-95 school year was

inappropriate.  See Order of April 9, 1998.  The court ordered

the school district to reimburse Leslie's parents for half the

costs of her private school placement.  See id.  In response to

both parties' requests for clarification, the court stated that

the school district would have to reimburse the parents for all

three years of Leslie's private school education, including

travel expenses.  See Order of September 3, 1998.

     Leslie's parents have provided further documentation of her

expenses.  Specifically, the record indicates that Leslie

attended the Learning Skills Academy in Portsmouth, New

Hampshire, for 95 days of the 1994-95 school year, and Tri-City

Christian Academy in Somersworth, New Hampshire, for 47 days of that year.  Leslie attended Tri-City Christian Academy for 125 days during the 1995-96 school year.  During the 1996-97 school year she attended Lighthouse Christian Academy in Rochester, New Hampshire, for a total of 148 days.[1]  The school district has already reimbursed the parents for half of Leslie's 1994-95 tuition.  The cost of Leslie's tuition and books for her junior year at Tri-City Christian Academy was $1,984.62.  See May 7, 1998, Letter from Karen Henricks, Tri-City Christian's Accounts Manager, attached to defendant's motion for clarification.  Leslie's parents paid the Lighthouse Christian Academy $1,277.00 for tuition and books for the 1996-97 school year.  See April 21, 1998, letter from Rev. Laren E. Whaley, Administrator of Lighthouse Christian Academy, attached to defendant's motion for clarification.  Thus, fifty percent of Leslie's tuition for the 1995-96 and 1996-97 school years is $1,630.81.

Finally, Leslie's parents have provided further information regarding her transportation to school--Leslie's parents drove her to school in the family car.  The court finds that they are entitled to reasonable compensation for this expense.  The question of how much specialized contractors charge to transport

---

[1]These are the numbers in the parents' recent submission to the court, which are consistent with the documentation attached to the defendant's motion for clarification.

disabled children, however, is irrelevant to this question. The court finds that the transportation reimbursement should be based on a reasonable rate per mile. For this purpose the court will use the rates the federal government uses to reimburse individuals using private vehicles: from June 1994 through June 1995 the rate was 25 cents per mile; from June 1995 through June 1996 it was 30 cents per mile; and from 1996 through 1997 it was 31 cents per mile. The court further finds, based on the American Automobile Association's "Map'n'Go" travel program, that the distances from Hampton Falls to Portsmouth, Somersworth, and Hampton are 13 miles, 29 miles, and 34 miles respectively. See Beardmore v. Department of Agric., 761 F.2d 677, 679 (Fed. Cir. 1985) (taking judicial notice of American Automobile Association map to determine distance between two locations); Barnes v. United States, 1985 WL 5117, *3 (S.D.N.Y. 1985) (same). Leslie's transportation costs were as follows:

| Term | School | No. Days Attended | Miles | Rate/ Mile | Total |
|------|--------|-------------------|-------|------------|-------|
| 1994-95 | Learning Skill | 95 | 26 | .25 | $   617.50 |
| 1994-95 | Tri-City Christian | 47 | 58 | .25 | 681.50 |
| 1995-96 | Tri-City Christian | 125 | 58 | .30 | 2,175.00 |
| 1996-97 | Lighthouse Christian | 148 | 68 | .31 | 3,119.84 |
| | | | | | $6,593.84 |

3

Accordingly, fifty percent of the costs of Leslie's transportation comes to $3,296.92.

Leslie's parents have also requested interest and costs. IDEA does not address the issue of an appropriate prejudgment interest rate. Title 28 of the United States Code, section 1961, establishes the rate for post-judgment interest; however, it does not address prejudgment interest. When a federal statute is silent as to the prejudgment interest rate, it is appropriate to look to the state. See Valez v. Puerto Rico Marine Management, Inc., 957 F.2d 933, 941 (1st Cir. 1992) ("Because the [Labor Management Relations Act] is silent as to prejudgment interest and the granting of prejudgment interest falls under the equitable powers of the district court, the court may look to state law in setting the pre-judgment interest rate."). By statute, the rate of interest on judgments in New Hampshire is ten percent and is calculated on a simple basis rather than compounded. See New Hampshire Revised Statutes Annotated 336:1; Metropolitan Property & Liability Ins. Co. v. Ralph, 138 N.H. 378, 640 A.2d 763 (1994). Post-judgment interest is governed by 28 U.S.C. § 1961, which provides, in relevant part,

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the coupon issue yield equivalent . . . of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled

4

immediately prior to the date of the judgment. . . .

. . . .

(b) Interest shall be computed daily to the date of the payment . . . and shall be compounded annually.

The award of fees and costs is governed by 20 U.S.C. § 1415(e)(4)(B), which allows the court in its discretion to award fees to the parents of a handicapped child who is the prevailing party. Because Leslie's parents appeared pro se, they are not entitled to attorney's fees. See Crooker v. United States Dep't of Justice, 632 F.2d 916, 920 (1st Cir. 1980). Furthermore, this is not a case in which the court feels inclined to exercise this discretionary power in favor of the parents. According to the statute, the court must reduce the fees awarded when it finds that "the parent . . . unreasonably protracted the final resolution of the controversy. . . ." 20 U.S.C. § 1415(e)(4)(F). In this case, the court found that Leslie's parents not only protracted the controversy, but unnecessarily heightened tensions and were partially responsible for Winnacunnet's inability to provide Leslie with an appropriate education. See Order of April 9, 1998. Accordingly, the court will deny their request for costs.

## Conclusion

It is hereby ordered that the Winnacunnet School District pay Leslie's parents $4,927.73 plus prejudgment and post-judgment interest calculated as described above. The Clerk shall enter judgment accordingly.

SO ORDERED.

                                        _____
Shane Devine, Senior Judge
United States District Court

November 19, 1998
cc:  Leslie B., pro se
     Barbara F. Loughman, Esq.

6