Cheshire,
No. 4470.

GERARD F. RUSSELL & a. v. ARTHUR WHITCOMB, INC.

Argued March 6, 1956.

Decided March 29, 1956.

*Howard B. Lane* (by brief and orally), for the plaintiffs.

*Bell & Bell* (*Mr. Ernest L. Bell, III* orally), for the defendant.

KENISON, C. J.   Subject to certain exceptions, it is the general rule supported by a majority of jurisdictions that an independent building or construction contractor is not liable for negligent injury to third persons occurring after the work has been completed and accepted by the owner or employer. *Smith* v. *Claude Neon Lights, Inc.*, 110 N. J. L. 326; 2 Shearman & Redfield, Negligence (Rev. ed.) s. 267; anno. 13 A. L. R. (2d) 191.   While various reasons have been advanced to explain the general rule the most common one is that control has passed from the independent contractor to the owner upon acceptance of the project. *Cunningham* v. *T. A. Gillespie Co.*, 241 Mass. 280.   However the rule and the reasons advanced in its behalf have not been entirely satisfactory as indicated by the fact that various flexible exceptions have been developed.   One exception under which the independent contractor is liable is where projects which are inherently or imminently dangerous are involved. *Berg* v. *Otis Elevator Co.*, 64 Utah 518; *Foley* v. *Pittsburg-Des Moines Co.*, 363 Pa. 1.   See Restatement, Torts, s. 385, *comment* b.   In this case the depression in the highway cannot be classed as inherently or imminently dangerous.

Counsel are in agreement that there is no case in this state which definitely determines the responsibility of an independent construction contractor after the acceptance of the project by the employer.   The Trial Court followed the general rule and instructed the jury accordingly.   Since the non-liability rule carries with it no exception which would apply to the facts of this case, the plaintiffs were not permitted to recover any damages occurring after the work was completed. *Engler* v. *Aldridge*, 147 Kan. 43; *Memphis Asphalt & Paving Co.* v. *Fleming*, 96 Ark. 442; *Donaldson* v. *Jones*, 188 Wash. 46.   The fact that the city retained a nominal sum for future payment unrelated to the excavation itself did not affect the acceptance of the project by the city.   All that is required under the non-liability rule is that there shall be a practical

acceptance and completion and that occurred in this case. *Rengstorf* v. *Winston Co.*, 167 Minn. 290.

Some jurisdictions have not been content to accept the general rule and its exceptions as indicated by Prosser, Torts, (2d *ed.*) (1955) *s.* 85, *p.* 519: "Several recent decisions have placed building contractors on the same footing as sellers of goods, and have held them to the general standard of reasonable care for the protection of anyone who may foreseeably be endangered by their negligence, even after acceptance of the work. One important limitation recognized in several cases is that the contractor is not liable if he has merely carried out the plans, specifications and directions given him, since in that case the responsibility is assumed by the employer, at least where the plans are not so obviously dangerous that no reasonable man would follow them." Cases in support of this analysis of the recent decisions include *Moran* v. *Pittsburgh-Des Moines Steel Co.*, 166 F. (2d) 908; *Wright* v. *Holland Furnace Co.*, 186 Minn. 265; *Person* v. *Cauldwell-Wingate Co.*, 187 F. (2d) 832. Other modern commentators in the law of torts have criticized the rule of non-liability of independent contractors modified by several slippery exceptions, and are in agreement with Prosser. Green, The Individual's Protection Under Negligence Law: Risk Sharing, 47 Nw. U. L. Rev. 751, 759 (1953); James, Scope of Duty in Negligence Cases, *Id.*, 778, 800. See 62 Harv. L. Rev. 145.

We adopt the view outlined by Prosser that independent building and construction contractors should be held to a general standard of reasonable care for the protection of third parties who may be foreseeably endangered by the contractor's negligence even after acceptance of the work. This rule is subject to the following qualification: "The employer's failure to discover the defect will not relieve the contractor of liability; but . . . if he discovers the danger, or it is obvious to him, his responsibility supersedes that of the contractor." Prosser, Torts (2d *ed.* 1955) *s.* 85, *p.* 519.

In the absence of evidence that the defect in the highway became obvious to the city, or was discovered by it, the plaintiff was entitled to have the jury consider whether the work of the defendant independent contractor caused any damage to his buildings, whether before or after acceptance by the city of November 21, 1952, until the alleged damage ceased in May of 1953. For this reason the order is

*New trial.*

All concurred.