384 F.2d 163
 STROMBERG'S, a co-partnership consisting of Jackson C.
Stromberg and B. C. Stromberg, and H. Cook Sporting Goods
Co., a co-partnership consisting of Harold Gardenswartz and
Carl L. Wheeler, Appellants,
v.
VICTOR GRUEN & ASSOCIATES, Dickman, Pickens and Bond, a
corporation, presently known as Pickens Bond Construction
Company, a corporation, Winrock Enterprises, Inc., a
corporation, Winrock Development Company, a partnership
consisting of Winthrop Rockefeller, W. E. Harber and Thomas
Walsh, Appellees.
 No. 9126.
 United States Court of Appeals Tenth Circuit.
 Oct. 19, 1967.
 
 George T. Harris, Jr., and James A. Parker, Albuquerque, N.M., for appellants.
 Russell Moore, albuquerque, N.M., (W. A. Keleher and A. H. McLeod, Albuquerque, N.M., with him on brief) for appellee Victor Gruen & Associates.
 Pat Sheehan, Albuquerque, N.M., for appellee Dickman, Pickens and Bond.
 Bryan G. Johnson, Albuquerque, N.M., (Eric D. Lanphere, Albuquerque, N.M., with him of brief) for appellees Winrock Enterprises, Inc. and Winrock Development Company.
 Before JONES,[1] SETH and HICKEY, Circuit Judges.
 HICKEY, Circuit Judge.
 
 
 1
 Plaintiffs-appellants, tenants in the Winrock Shopping Center, Albuquerque, New Mexico, filed suit for damages caused by water that flooded their premises during a severe rainstorm. The appellees are the owners of the Center and the landlords of the appellants, the architects who designed and supervised construction of the Center, and the general contractor.
 
 
 2
 Appellants charged each appellee with negligence, illegal trespass, and the creation of a nuisance. A separate count based upon gross negligence was directed against the architect.
 
 
 3
 The trial court granted the motion for summary judgment of each appellee and dismissed the complaint with prejudice.
 
 This appeal presents two questions:
 
 4
 (1) Are there genuine issues as to material facts which must be determined?
 
 
 5
 (2) Are the owners-lessors discharged from liability by virtue of an exculpatory clause contained in the lease?
 
 
 6
 Upon completion of the Center the owners of the premises accepted the architect's and contractor's performances and leased the space available in the Center. In March 1961, the appellants occupied their premises pursuant to such a lease. Thereafter, the owners became aware of some flood danger upon being advised by the architect that such a risk existed. Acting upon the advice of the architect, an independent firm was employed by the owners to make a study of the matter and report its conclusions to the owners. A report 'on the flood hazard which exists at Winrock Center' was made and it indicated that some risk of flood existed, particularly if there was a rain 'of extremely high intensity.'
 
 
 7
 On August 10, 1963, a rainstorm of great intensity occurred in the Albuquerque area. Winrock Center was inundated by the flooding water. The appellants' stored goods were damaged and a loss of profit due to the interruption of business was suffered.
 
 
 8
 Relying on Tipton v. Clower, 67 N.M. 388, 356 P.2d 46 (1960), the trial court concluded that irrespective of any negligence that may have occurred on the part of the architect or contractor, because the owners discovered the danger of flooding after accepting the architect's and contractor's performances, the responsibility of the owners superceded that of the contractor and architect.
 
 
 9
 At the time of its judgment the trial court did not have available Baker v. Fryar, 77 N.M. 257, 421 P.2d 784 (1966) which elucidated the Tipton rule to the extent that the owners' responsibility '(may supercede) in exceptional cases where there is an intervening proximate cause.' Baker v. Fryar, supra, 421 P.2d at 786.
 
 
 10
 A finding of proximate cause is lacking in this case and without such a finding it cannot be decided the owners had such knowledge as was referred to in Tipton v. Clower, supra. Even if knowledge of the danger which in fact caused the damage could be attributed to the owners, Baker gives the trial court an alternative that was not available to it when it granted summary judgment. Therefore, we remand the claim against the architect, Gruen and Associates, so that the trial court may reconsider in the light of the Baker case.
 
 
 11
 The trial court properly granted summary judgment for the contractor, Dickman, Pickens and Bond. The evidence shows the contractor was not negligent, but followed the plans without deviation and completed the work more than a year before the flood occurred.
 
 
 12
 The motion for summary judgment of the owners was granted on the ground that under an exculpatory clause in the lease, the owners were not to be responsible for damages to the property of the tenant on the premises. The effect of the exculpatory clause presents a complex question because of the general view that exculpatory clauses are not favorites of the law. Tyler v. Dowell, Inc., 274 F.2d 890, 895 (10th Cir. 1960). In New Mexico exculpatory clauses between private parties are not against the state's public policy, Commercial Warehouse Company v. Hyder Brothers, inc., 75 N.M. 792, 411 P.2d 978 (1965), but the intention to hold harmless must be clear and unequivocal. Metropolitan Paving Co. v. Gordon Herkenhoff & Associates, 66 N.M. 41, 341 P.2d 460, 463 (1959); Tyler v. Dowell, Inc., supra, 274 F.2d at 895.
 
 
 13
 The language of the clause 'must be strictly construed against the landlord * * *. Where an exculpatory clause does not clearly exonerate a landlord from his negligence, a tenant's claim for damages ordinarily will not be barred.' Commercial Warehouse Co. v. Hyder Brothers, supra, 411 P.2d at 982. Also see Mohawk Drilling Co. v. McCullough Tool Co., 271 F.2d 627, 632 (10th Cir. 1959).
 
 
 14
 The trial court, while recognizing the evidence of negligence on the part of the owners was conflicting, concluded that in all events the broad language of the exculpatory clause prevented the claim of the lessees. Again the issues are complicated by the absence of a precise determination of the cause of the flooding. Such a determination must be made before the rules pertaining to exculpatory clauses can be applied and the coverage of the clause in this case can be defined.
 
 
 15
 Therefore, the claim against the owners-lessors is remanded for action in accordance with the views herein expressed.
 
 
 
 [1]
 Of the Fifth Circuit, sitting by designation