Bernard v. Grumman Allied Indus.      CV-92-121-SD  08/23/95
                    UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEW HAMPSHIRE


Donald J. Bernard;
Nancy Bernard

     v.                                        Civil No. 92-121-SD

Grumman Allied Industries, Inc.;
 d/b/a Grumman Olson Corp.


                            O R D E R


     Plaintiffs have filed a motion in limine seeking to bar

production by defendant of trial evidence which bears on the

defendant's contractual relationships with Federal Express

concerning the design and manufacture of the van, alleged defects

in which are claimed to be causative of plaintiffs' damages.

Document 57.  The defendant objects.  Document 58.


1.  Background

     Plaintiff Donald Bernard, an employee of Federal Express,

claims he sustained personal injuries as a result of the

defectively designed and unreasonably dangerous van he was

operating in the course of his employment.  These injuries

allegedly occurred when plaintiff, attempting entry of the van,

struck his knee against a steering post.  Plaintiff's specific

claims are that the van lacked a proper hand-hold for the driver to enter the vehicle and that there were deficiencies in the entryway to the driver's side of the vehicle.

Discovery to date has apparently revealed that Federal Express specified the type and location of hand-holds for the van, as well as the use of a sliding door. Defendant Grumman Allied Industries, Inc., d/b/a Grumman Olson Corporation (Grumman), intends to make use of such evidence in support of its theories of defense. Plaintiffs contend admissibility of such evidence is not permissible in a case where, as here, the right to recovery is grounded solely on a theory of "strict liability".

## 2. Discussion

Plaintiffs posit that, under the applicable law of New Hampshire,[1] fault is irrelevant in a "strict liability" case. Citing, inter alia, cases decided under the laws of Texas, Challoner v. Day & Zimmerman, Inc., 512 F.2d 77 (5th Cir.), vacated and remanded on other grounds, 423 U.S. 3 (1975); New Jersey, Michalko v. Cooke Color & Chem. Corp., 91 N.J. 386, 451 A.2d 179 (1982); California, Brocklesby v. United States, 767

---

[1]A federal court sitting in diversity must apply the substantive law of the state in which it sits. See Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Mottolo v. Firemen's Fund Ins. Co., 43 F.3d 723, 726 & n.1 (1st Cir. 1995).

2

F.2d 1288 (9th Cir. 1985), cert. denied, 474 U.S. 1101 (1986); and Hawaii, Jenkins v. Whittaker Corp., 551 F. Supp. 110 (D. Haw. 1982), aff'd in part, rev'd in part, 785 F.2d 720 (9th Cir. 1986),[2] plaintiffs claim that whatever its viability in cases grounded on negligence, the "contract specification defense" has no application to a case in which "strict liability" is the sole theory of recovery.[3]

The "contract specification defense" holds that "a manufacturer is not liable for a design defect if the product is manufactured according to the buyer's specifications, unless the specifications are obviously dangerous and should not be followed." Austin v. Clarke Equip. Co., 48 F.3d 833, 837 (4th Cir. 1995) (citing Spangler v. Kranco, Inc., 481 F.2d 373, 375 (4th Cir. 1973)). See also Garrison v. Rohm & Haas Co., 492 F.2d 346, 351 (6th Cir. 1974); Kerr v. Roemer Mach. & Welding Co., 820 F. Supp. 719 (S.D.N.Y. 1992), aff'd without opinion, 996 F.2d 302

_____

[2]The support of the district court decision in Jenkins, supra, for plaintiffs' argument is questionable. While the ruling therein appears to bar the defendant from arguing the "military contractor" defense, 551 F. Supp. at 114-15, the trial court actually submitted this issue to the jury under an appropriate instruction. 785 F.2d at 736 & n.36. The jury found that, although there was a manufacturing defect, there was not a design defect. Id.

[3]Plaintiffs also cite dicta from Shaw v. Grumman Aerospace Corp., 778 F.2d 736, 739 (11th Cir. 1985), another "military contractor" defense case. That dicta, in turn, is grounded on Challoner, supra, which was decided under the law of Texas.

3

(2d Cir. 1993); <u>Housand v. Bra-Con Indus., Inc.</u>, 751 F. Supp. 541 (D. Md. 1990).

The New Hampshire doctrine of "strict liability" does not equate with "liability without fault." <u>Simoneau v. South Bend Lathe, Inc.</u>, 130 N.H. 466, 469, 543 A.2d 407, 409 (1988). Moreover, in cases of alleged design defects, recovery may be had only "'when the product is manufactured in conformity with the intended design but the design poses <u>unreasonable dangers to consumers</u>.'" <u>Chellman v. Saab-Scania AB</u>, 138 N.H. 73, 77, 637 A.2d 148, 150 (1993) (quoting <u>Thibault v. Sears, Roebuck & Co.</u>, 118 N.H. 802, 807, 395 A.2d 843, 846 (1978)) (emphasis added).[4]

Accordingly, the New Hampshire version of "strict liability" is in marked contrast to that of the New Jersey court, <u>Michalko</u>, <u>supra</u>, 451 A.2d at 187 (rejecting requirement that manufacturer knew or had reason to know product was unreasonably dangerous),

---

[4]

> To maintain a products liability claim based on defective design, a plaintiff must prove: (1) that the design of the product created a defective condition unreasonably dangerous to the user; (2) that the condition existed when the product was sold by a seller in the business of selling such products; (3) that the use of the product was reasonably foreseeable by the manufacturer; and (4) that the condition caused injury to the user or the user's property.

<u>Chellman</u>, <u>supra</u>, 138 N.H. at 73, 637 A.2d at 150 (citations omitted).

4

and the California court, <u>Brocklesby</u>, <u>supra</u>, 767 F.2d at 1296 (California courts seeking to purge the concept of fault from strict liability focus on a defect rather than inquiring as to whether the product is unreasonably dangerous).[5] On careful examination of the authorities cited by the respective parties, the court is satisfied that the rule which New Hampshire would adopt would permit evidence of the type here sought to be presented by the defendant in a case of design defect grounded solely on "strict liability."

Additionally, it is not true that, in all cases, a defendant may not prove completion and acceptance of its product by a third party as a matter of defense. Where such third party has <u>actual knowledge</u> of any danger resulting from an alleged defect, such <u>actual knowledge</u> may be evidence of superseding cause. <u>Cross v. M.C. Carlisle & Co.</u>, 368 F.2d 947, 953 (1st Cir. 1966) (citing <u>Russell v. Arthur Whitcomb, Inc.</u>, 100 N.H. 171, 121 A.2d 781 (1957)).

Having found that the defendant may raise the "contract specification defense" in the instant case, the court perceives

---

[5]And while Texas law includes the requirement of "unreasonably dangerous" in a design defect case, <u>Carter v. Massey-Ferguson, Inc.</u>, 716 F.2d 344, 347 (5th Cir. 1983), its trial judges instruct only in general terms, without detailing the criteria (see <u>supra</u> note 4) necessary to prove design defect in a strict liability case, <u>Shipp v. General Motors, Inc.</u>, 750 F.2d 418, 421-22 (5th Cir. 1985).

no unfair prejudice, confusion of issues, or misleading of the jury to follow in contravention of Rule 403, Fed. R. Evid. The jury, under proper instruction, will be permitted to consider the validity of any such defense so presented.

3. Conclusion

For the reasons hereinabove set forth, the motion in limine must be and it is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

August 23, 1995

cc:  Christopher A. Bandazian, Esq.
     Lawrence S. Smith, Esq.