Strafford
No. 2003-564

CHARLES TIBERGHEIN *& a.*

v.

B.R. JONES ROOFING COMPANY

Argued: July 14, 2004
Opinion Issued: September 1, 2004

*Burns, Bryant, Hinchey, Cox & Rockefeller, P.A.*, of Dover (*Paul R. Cox* on the brief and orally), for the plaintiffs.

*Donahue, Tucker & Ciandella, P.L.L.C.*, of Exeter (*Robert M. Derosier* and *Robert D. Ciandella* on the brief, and *Mr. Derosier* orally), for the defendant.

DUGGAN, J. The defendant, B.R. Jones Roofing Company, appeals an order of the Superior Court (*T. Nadeau*, J.) denying the defendant's motion to correct, modify and vacate an arbitrator's award in favor of the plaintiffs, Charles and Janet Tiberghein. We affirm.

The following facts were found by the arbitrator. On October 15, 1995, Charles Tiberghein slipped and fell on a puddle of water in the Durham Market Place and fractured his right ankle. After Charles' fall, the store employees traced the water's origin to a leak in the roof. The defendant had repaired and restored the roof in 1992. The defendant had provided a ten-year roofing guarantee which stated that upon notice of defects, such as leaks, it would repair the roof and thereafter maintain it in a water-tight condition. Throughout 1994 and up to Charles' fall, the defendant was repeatedly notified of roof leaks, yet failed to make good on the guarantee.

The plaintiffs brought suit against: (1) B.R. Jones Roofing Company; (2) Durham Market Place; (3) Hannaford Brothers, Inc., which sublet the property to Durham Market Place; and (4) Colonial Durham Associates, the owner of the shopping plaza. The claims against the latter three parties were resolved, leaving B.R. Jones Roofing Company as the only defendant. In the superior court, the defendant moved for summary judgment, arguing that it did not owe the plaintiffs a duty of care. After the motion was denied, the parties agreed to resolve the case by binding arbitration.

After reviewing the evidence presented by both parties, the arbitrator found that the defendant failed to repair the roof so as to prevent reasonably foreseeable harm to a patron of the store and failed to provide a watertight roof as promised by the ten-year roofing guarantee. Consequently, the arbitrator found that the plaintiffs could recover under both negligence and contract theories. The arbitrator awarded Charles $200,000 for his injury, bills, expenses and lost wages. Charles' wife, Janet, was awarded $50,000 for loss of consortium.

The defendant appealed the arbitrator's award to the superior court. *See* RSA 542:8 (1997). Specifically, the defendant argued that the arbitrator

erred when he: (1) failed to apply the holding of *Russell v. Whitcomb*, 100 N.H. 171 (1956), to the case; (2) concluded that the plaintiffs had meritorious claims in tort and contract; and (3) awarded the plaintiffs excessive damages. The superior court reviewed the arbitrator's decision for plain mistake and, finding none, affirmed the arbitration award. This appeal followed.

On appeal, the defendant argues that the trial court's decision should be reversed. Specifically, the defendant argues that the trial court erred when it: (1) ruled that the *Whitcomb* defense was untimely raised; (2) ruled that, in any event, *Whitcomb* appeared to be factually distinguishable from this case; (3) failed to correct the arbitrator's conclusion that the plaintiffs had meritorious claims in tort and contract; and (4) denied the defendant's request for a remittitur of the damages. We address each argument in turn.

First, the defendant argues that the trial court erred in ruling that the *Whitcomb* defense was untimely raised. We disagree.

It is well established that we will not review issues raised on appeal that were not first presented in the trial forum. *See Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248, 250 (2004). The appealing party bears the burden of demonstrating that it raised its issues before the trial forum. *Id.* "We require issues to be raised at the earliest possible time, because trial forums should have a full opportunity to come to sound conclusions and to correct errors in the first instance." *Star Vector Corp. v. Town of Windham*, 146 N.H. 490, 494 (2001) (quotation omitted). Parties "are not entitled to take later advantage of error they could have discovered or chose to ignore at the very moment when it could have been corrected." *Id.* (quotation omitted). A party, by negligence or craft, cannot conceal an argument in order to use it to appeal an unacceptable award upon losing arbitration. *Cf. Whittemore v. Whittemore*, 2 N.H. 26, 28 (1819) (stating that an award may be upheld when one conceals a secret cause of action).

Prior to trial, the defendant moved for summary judgment but did not raise the *Whitcomb* defense. The parties then agreed to resolve the case by binding arbitration. The defendant again failed to assert the *Whitcomb* defense in the arbitration proceeding. The defendant raised this issue for the first time when it appealed the arbitrator's decision to the superior court.

The defendant cannot predicate error on an issue it failed to bring at trial, in this case before the arbitrator. *See Star Vector Corp.*, 146 N.H. at 494. Since the defendant failed to properly raise the *Whitcomb* defense in a timely manner, we conclude that the issue was not preserved for appellate review.

In reaching this conclusion, we reject the defendant's argument that RSA 542:8 gives courts broad authority to reverse an arbitrator's award even when the issue was not brought to the attention of the arbitrator. Essentially, the defendant argues that the "plain mistake" standard of review amounts to a "plain error" analysis. We disagree.

"Plain mistake" refers to errors of fact and law that are "apparent on the face of the record and which would have been corrected had [they] been called to the arbitrator's attention." *John A. Cookson Co. v. N.H. Ball Bearings*, 147 N.H. 352, 356 (2001) (quotation omitted). On the other hand, a "plain error" rule allows appellate courts to reverse a decision even when the error was not raised at the trial. *See State v. McAdams*, 134 N.H. 445, 449-50 (1991) (Batchelder and Johnson, JJ., concurring specially). We have, however, expressly declined to adopt a "plain error" rule for criminal proceedings. *Id.* at 449. We likewise decline to apply a "plain error" rule in our review of arbitration proceedings and reject the defendant's argument that RSA 542:8 gives courts the authority to reverse an arbitrator's award even when the error was not raised in arbitration.

Second, the defendant argues that the trial court erred when it stated that *Whitcomb* appeared to be factually distinguishable from this case. For the reasons set forth above, we conclude that the defendant failed to preserve this issue for appellate review. Therefore, we need not address it.

Third, the defendant argues that the trial court committed reversible error when it did not correct the arbitrator's conclusion that the plaintiffs had meritorious claims in both tort and contract. We disagree.

We have previously recognized that the appealing party bears the burden of providing the court with a record sufficient to decide its issues on appeal. *Bean*, 151 N.H. at 250. Without a sufficient record of the proceedings below, we assume that the evidence supports the result reached by the trial forum, and our review is limited to legal errors apparent on the face of the record. *Silverstein v. Town of Alexandria*, 150 N.H. 679, 681 (2004); *Rix v. Kinderworks Corp.*, 136 N.H. 548, 553 (1992).

The defendant did not produce a sufficient record of the arbitration. The record consists of general findings made by the arbitrator in his written award and a handful of exhibits that were introduced to the arbitrator, including affidavits, letters, bills and the roofing guarantee. The defendant did not, however, produce a transcript of the testimony heard by the arbitrator at the hearing. Since the defendant failed to produce a sufficient record of the arbitration, we are unable to review the arbitrator's conclusion that the plaintiff had meritorious claims in both tort and contract. *See Bean*, 151 N.H. at 250.

■ Finally, the defendant argues that we should grant it a remittitur of the "exorbitant" award. Again, we disagree. By failing to provide us with a transcript of the arbitration hearing, the defendant failed to provide a record sufficient for us to decide this issue on appeal. Consequently, we assume that the evidence presented to the arbitrator was sufficient to support the award. *See id.*

*Affirmed.*

BRODERICK, C.J., and DALIANIS and GALWAY, JJ., concurred.