Strafford
No. 2006-657

CHARLES TIBERGHEIN & a.

v.

B.R. JONES ROOFING COMPANY

Argued: June 14, 2007
Opinion Issued: August 28, 2007

*Burns, Bryant, Cox, Rockefeller & Durkin*, of Dover (*Paul R. Cox* and *Sharon A. Spickler* on the brief, and *Ms. Spickler* orally), for the plaintiff.

*Donahue, Tucker & Ciandella*, of Exeter (*Robert M. Derosier* on the brief and orally), for the defendant.

HICKS, J. The plaintiffs, Charles and Janet Tiberghein, appeal orders of the Superior Court (*Nadeau*, J.) confirming that the defendant, B.R. Jones Roofing Company, satisfied the arbitrator's award through a tender that reflected credits for previous settlements. We affirm.

This is the second time this matter has come before us. A detailed account of the underlying facts of this case can be found in our previous decision, *Tiberghein v. B.R. Jones Roofing Co.*, 151 N.H. 391 (2004) (*Tiberghein I*). We recite only those facts pertinent to this appeal.

On October 15, 1995, Charles Tiberghein slipped and fell on a puddle of water in the Durham Market and fractured his right ankle. *Id.* at 392. After the fall, store employees traced the water to a leak in the roof. *Id.* The defendant had repaired and restored the roof in 1992. *Id.* The defendant had provided a ten-year roofing guarantee, which stated that upon notice of defects, such as leaks, it would repair the roof and thereafter maintain it in a water-tight condition. *Id.* The defendant was notified of roof leaks, yet failed to satisfy his guarantee. *Id.*

The plaintiffs sued: (1) the defendant; (2) Durham Market Place; (3) Hannaford Brothers, Inc., which sublet the property to Durham Market Place; and (4) Colonial Durham Associates, the owner of the shopping plaza. *Id.* The plaintiffs settled with Durham Market Place and Colonial Durham Associates whereby each agreed to pay the plaintiffs $32,500 ($65,000 total). Subsequently, the plaintiffs were joined in a cross-suit for indemnification filed by Hannaford against Durham Market Place. Hannaford alleged that it had been wrongfully named as a defendant. The plaintiffs paid $8,000 to settle that claim. Following the settlements, the only remaining parties were the plaintiff and the defendant. *Id.* After the superior court denied the defendant's summary judgment motion, the

parties agreed to submit the case to binding arbitration. *Id.* The arbitrator found in favor of the plaintiffs and awarded them, collectively, $250,000. *Id.*

The defendant appealed the arbitrator's award to the superior court, which affirmed it. *Id.* at 392-93. Following an appeal by the defendant, we affirmed the superior court's decision. *Id.* In October 2004, the defendant's attorney forwarded a check in the amount of $192,152.33, which included interest from the date of the award, pursuant to RSA 336:1 (Supp. 2006). This amount reflected a credit of $65,000, which included the $8,000 the plaintiffs remitted to Hannaford, for the settlements the plaintiffs received.

The plaintiffs disputed this amount and in July 2005, they asked the superior court to determine the balance due and order the defendant to pay it. The plaintiffs asserted that the defendant erroneously calculated the amount it owed by including the $8,000 the plaintiffs paid to Hannaford as part of the total amount they recovered from the settlements. The defendant argued that it had satisfied the arbitrator's award.

In January 2006, the plaintiffs amended their motion, claiming that the defendant should not have subtracted from the amount it owed, any of the $65,000 settlement the plaintiffs received. The court referred to the arbitrator the question of "whether the $250,000 award was intended to represent ... just the damages due ... as a result of the defendant's negligent conduct." The arbitrator responded:

> No apportionment of fault between the defendant Jones and [those] with whom the plaintiffs reached settlements was affected in the arbitration. In fact, settlement amounts were not disclosed to the arbitrator.
>
> The award of $250,000 by the arbitrator was intended to represent the entire amount of damages due the plaintiffs for their loss resulting from the accident of October 15, 1995. The award was not intended to represent just the damages due the plaintiffs caused only by the conduct of the defendant.

Thereafter, the plaintiffs filed a motion to obtain final disposition on all pending issues, asking the court to find that the defendant was not entitled to reduce its payment for damages by taking a credit for the $65,000 already paid to the plaintiffs. On July 31, 2006, the trial court denied the plaintiffs' motion, ruling that the October 2004 payment of $192,152.33 fully satisfied the arbitrator's award. This appeal followed.

On appeal, the plaintiffs raise the following issues: (1) whether the defendant is entitled to take a credit under RSA 507:7-h (1997) and RSA 507:7-i (1997) against the arbitrator's award after we confirmed the award under RSA 542:8 (2007); and (2) whether the defendant's failure to raise

the issue of its entitlement to the $65,000 credit in a motion to vacate the arbitration award now precludes the defendant from claiming such credit.

First, we identify several issues that have not been preserved for our review because they were not raised in the trial court. *See Tiberghein I*, 151 N.H. at 393. The plaintiffs contend that once an arbitration award has been confirmed by the superior court, "there can be no variation from it." *Leach v. O'Neill*, 132 N.H. 665, 667 (1990) (quotation and brackets omitted). The plaintiffs rely upon RSA 542:8 (2007), which provides that, "[a]t any time within one year after the award is made any party to the arbitration may apply to the superior court for an order confirming the award, correcting or modifying the award." The plaintiffs argue that because the defendant failed to request a modification of the award to establish a credit under RSA 507:7-h and RSA 507:7-i within the statutory time limit, and as the trial court could not reduce the arbitration award outside the parameters of RSA 542:8, the defendant's request for the $65,000 credit was improper. Although the plaintiffs filed a motion in superior court arguing that the defendant was not entitled to the credit, they did not assert in any of their pleadings to the trial court that allowing the credit violated RSA 542:8. Therefore, we will not address this issue on appeal. *See Tiberghein I*, 151 N.H. at 393.

The plaintiffs raise two other issues for the first time on appeal. The plaintiffs claim that res judicata precludes the defendant from relitigating the amount owed to them per the arbitrator's award because any credits under RSA 507:7-h and RSA 507:7-i should have been litigated in *Tiberghein I*. The plaintiffs further argue that judicial estoppel bars the defendant from asserting inconsistent positions regarding modification of the award. Because these issues were not raised in the plaintiffs' motions to the trial court, or by motion for reconsideration, they are not properly preserved on appeal and we will therefore not consider their merit. *See Tiberghein I*, 151 N.H. at 393.

We now address the issues properly before us on appeal. The plaintiffs assert that RSA 507:7-h must be read in the context of RSA 507:7-e and RSA 507:7-i. They argue therefore, that the defendant is not entitled to a pro tanto, dollar-for-dollar credit under RSA 507:7-h for the settlement because RSA 507:7-e and RSA 507:7-i do not apply to arbitration awards.

RSA 507:7-h provides that:

> A release or covenant not to sue given in good faith to one of 2 or more persons liable in tort for the same injury discharges that person in accordance with its terms and from all liability for contribution, but it does not discharge any other person liable upon the same claim unless its terms expressly so provide.

However, it reduces the claim of the releasing person against other persons by the amount of the consideration paid for the release.

RSA 507:7-i provides, in relevant part:

[U]pon return of a verdict for the plaintiff by the jury in any such trial, the court shall inquire of counsel the amount of consideration paid for any such settlement, release, or covenant not to sue, and shall reduce the plaintiff's verdict by that amount.

RSA 507:7-e (1997) directs the court to "[i]nstruct the jury to determine, or if there is no jury shall find, the amount of damages to be awarded . . . in accordance with the proportionate fault of each of the parties."

"In statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *John A. Cookson Co. v. N.H. Ball Bearings*, 147 N.H. 352, 357 (2001) (quotation omitted). We begin by considering the statutory language, construing its plain and ordinary meaning. *Id.*

The language of RSA 507:7-e, RSA 507:7-h and RSA 507:7-i does not restrict their application to court proceedings. Rather, reference to "the court," "a verdict" and "the jury" in RSA 507:7-i and RSA 507:7-e merely instructs the trial court on how to proceed when a credit is required in a trial proceeding. RSA chapter 507 (2007), as part of Title LII, "Actions, Process, and Service of Process," plainly does not limit the taking of a credit to court proceedings. RSA 507:7-h contains language that is generally applicable to both court and arbitration proceedings. The statute plainly affords a credit, determined by the consideration paid for a settlement, for all proceedings in which "2 or more persons [are] liable in tort for the same injury." RSA 507:7-h.

Accordingly, we agree with the defendant that "there is no language in RSA 507:7-h restricting its application to civil proceedings in law or equity," and we will not add words to the statute. RSA 507:7-h simply codifies the common law regarding such credits.

RSA 507:7-h, therefore, entitles a non-settling tortfeasor to a dollar-for-dollar reduction in the amount of the judgment equal to the consideration the plaintiff received from a good faith settlement with one of two or more tortfeasors. *Nilsson v. Bierman*, 150 N.H. 393, 398 (2003). We hold that in this case, the trial court did not err in ruling that the defendant satisfied the arbitrator's award. The payment of $192,152.33 was a proper reduction of the plaintiffs' verdict pursuant to RSA 507:7-h.

The plaintiffs rely upon our reasoning in *Leach* to support their conclusion that RSA 507:7-e, RSA 507:7-h and RSA 507:7-i apply only to jury verdicts and not to arbitration awards. In *Leach*, after submitting their claim to arbitration and receiving an award, the plaintiffs filed a motion with the trial court asking the court to add interest from the date of the writ pursuant to RSA 524:1-b (2007). *Leach*, 132 N.H. at 667. We ultimately affirmed the award but held RSA 524:1-b to be inapplicable and only added interest from the date of the award based upon RSA 336:1 (Supp. 2004). *Id.* at 670. We find neither the issue in *Leach* nor the statutory language regarding prejudgment interest in RSA 524:1-b to be analogous to the taking of a pro tanto credit. Therefore, the plaintiffs' reliance upon *Leach* is misplaced.

RSA chapter 524 (2007) is included under Title LIII, which is titled "Proceedings in Court." Furthermore, the language in RSA 524:1-b restricts the prejudgment interest to "civil proceedings at law or in equity in which a verdict is rendered or a finding is made." Because of the restrictive language in RSA 524:1-b and the narrow scope of Title LIII, we refused to apply the statute to all arbitration proceedings. *Id.* at 668.

The plaintiffs also argue that the defendant was not entitled to the $65,000 credit for settlements because the arbitrator did not apportion fault among the tortfeasors. The plaintiffs rely upon *Nilsson* and *DeBenedetto v. CLD Consulting Eng'rs*, 153 N.H. 793 (2006), to support their argument. Neither *Nilsson* nor *DeBenedetto* is availing.

*DeBenedetto* and *Nilsson* do not require a finding of joint and several liability before settlement credit can be taken. Rather, they address fault allocation pursuant to RSA 507:7-e, I, between parties who have causally contributed to an accident. *DeBenedetto*, 153 N.H. at 798; *Nilsson*, 150 N.H. at 396.

RSA 507:7-e, I(b) instructs the court to:

> Enter judgment against each party liable on the basis of the rules of joint and several liability, except that if any party shall be less than 50 percent at fault, then that party's liability shall be several and not joint and he shall be liable only for the damages attributable to him.

■ Therefore, a defendant is jointly and severally liable and entitled to a credit for the settlement received unless there is a finding of minimal fault. Unlike *Nilsson*, where the jury found the defendant to be one percent liable and, pursuant to RSA 507:7-e, only severally liable, in this case there was no finding that the defendant was less than fifty percent at fault. Absent such a finding, the defendant is jointly and severally liable.

■ Furthermore, "[t]o constitute a joint tort, there need not be concerted action on the part of all sought to be charged; if the conduct of each is a proximate cause of [a] single, indivisible harm, a common liability ... is established." 9 R. MCNAMARA, NEW HAMPSHIRE PRACTICE, PERSONAL INJURY—TORT AND INSURANCE PRACTICE § 23.09, at 23-12 (2003). According to New Hampshire common law and the plaintiffs' pleadings, the injuries resulted from a single accident in the Durham Market Place. The plaintiffs' writ states "[t]hat as a direct result of joint, combined and concurrent negligence of the aforementioned defendants ... the plaintiff has suffered grave and permanent personal injuries." The defendant is therefore jointly and severally liable because it is charged with a common theory of liability from which damages were awarded.

The arbitrator's response clearly states that the $250,000 award represents the total amount of damages to which the plaintiffs are entitled. Therefore, to disallow the $65,000 credit received from the settlements would permit a windfall and would be contrary to a majority of jurisdictions, the arbitrator's award, and established New Hampshire law and practice. *See Morrill v. Webb*, 123 N.H. 276, 279 (1983) ("[T]he settlement with one tortfeasor does reduce the claim against the others to the extent of the consideration paid for the release."); *Carpenter v. Company*, 78 N.H. 118, 119 (1916) ("[I]t is usually conceded that one who has suffered a single personal injury caused by the concurring negligence of two or more persons is not entitled to more than one compensation. He is not entitled to full damages from each of several wrongdoers for the same injury."); *Villarini-Garcia v. Hospital del Maestro*, 112 F.3d 5, 7 (1st Cir. 1997) ("In almost all jurisdictions, settlement payments to the plaintiff from one of several joint tortfeasors—those who actively contributed to the same injury—reduce any judgment later secured against the nonsettling tortfeasor(s).").

The plaintiffs also argue that even if RSA 507:7-h required a reduction in the plaintiffs' award, the trial court erred by reducing the award by $65,000, as that amount was not the actual "consideration" received in the settlement. The plaintiffs assert that their $8,000 settlement with Hannaford Brothers reduced the defendant's credit to $57,000. On appeal, the plaintiffs cite no authority for such a reduction. Furthermore, the defendant was not a party to Hannaford's cross-claim against the plaintiffs, nor did it participate in the subsequent settlement with Hannaford. We agree with the defendant that the plaintiffs' voluntary settlement was a result of Hannaford's independent claim against the plaintiffs. The defendant should not bear the plaintiffs' litigation costs. Therefore, we see no error in the trial court's order finding that the defendant satisfied the arbitrator's award.

Finally, we note that the result herein can hardly come as a surprise to the plaintiffs. Although not expressly relied upon by the trial court, the record includes a letter written to the defendant's counsel by the plaintiffs' counsel on March 6, 2003, prior to the arbitration, acknowledging that the defendant "will, of course, be entitled to a credit should we prevail relative to the settlements that we received from earlier defendants."

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.